**NATIONAL RECRUITERS, INC., Respondent,**

v.

**The TORO COMPANY, Appellant.**

**No. CX–83–1168.**

Court of Appeals of Minnesota.

Feb. 8, 1984.

James Olds, Bloomington, for appellant.

Brian Miller, Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and FOLEY, and SEDGWICK, JJ., with oral argument waived.

FOLEY, Judge.

This case comes on appeal following a trial to the court on a claim by plaintiff-respondent National Recruiters, Inc. (National) for a placement fee for securing a new employee for appellant-defendant The Toro Company (Toro). Following an initial summary judgment order in favor of Toro, the trial court set the order aside and the case proceeded to trial, without a jury. After findings were entered for plaintiff, including an award for attorneys fees, this appeal followed. We affirm.

## FACTS

In January 1981, Corlyn Paulsen was referred by National Recruiters to interview for a senior data specialist position at Toro. Simultaneous with the interviewing process National sent Toro a written confirmation that it had referred the candidate to Toro. Included with this document was National's fee schedule which stated "All fees shall be due and payable upon starting date of employment."

On approximately January 20, 1981, after receiving approval from Toro's personnel department to fill the senior data specialist position, an authorized representative of Toro offered Paulsen the job.

After some deliberation over the financial instability of Toro, Paulsen, nonetheless, accepted the offer and agreed to start on February 16, 1981. A letter confirming the acceptance and starting date was prepared by National on January 26, 1981, which included a confirmation that Toro would pay Paulsen's placement fee of "$7,155, as agreed, due upon starting date."

On about February 5, 1981, less than two weeks after the offer had been accepted, a Toro representative told Paulsen that the position for which he had been hired was eliminated because of adverse business conditions and his services were no longer needed. Paulsen had no choice in the matter.

National commenced an action to recover its placement fee. Toro claimed that a precondition to its obligation to pay was Paulsen starting the job, and this condition was not met.

Three and a half months later National converted its suit into a motion for summary judgment. This motion was denied. Instead, summary judgment was granted in favor of Toro.

National filed a motion for an order amending the summary judgment. After further briefing and oral arguments, the judge set aside his summary judgment for Toro because a fact question existed as to whether the obligation of Toro to pay the fee was to arise only if Paulsen actually commenced employment or if it was to exist by reason of the mere offer and acceptance of employment.

Despite efforts by the judge to settle this case, the dispute was not resolved during pretrial conference. Upon Toro's claim that it intended to present testimony at trial regarding the intention of the parties relating to the contract, a trial date was set.

At trial, Toro presented no testimony or other evidence on this issue. Additionally, it claimed that adverse business conditions beyond its control caused the elimination of Paulsen's position, which in turn prevented satisfaction of the precondition. No evidence to substantiate this claim was presented.

Instead, Toro simply asked the court to take judicial notice of adverse business conditions and determine that such conditions supervened and caused the elimination of Paulsen's position through no fault of its own.

Toro further argued that since the contract between it and National was premised on the assumption that the data specialist position would be available for Paulsen, now that the position was eliminated, the purpose of the contract was frustrated and should be held void as a matter of law.

The trial court apparently refused to apply the doctrine of discharge by supervening frustration. It concluded that National is entitled to the $7,155 fee together with 6% interest per annum from Feb. 16, 1981, and $1,112 for attorney's fees pursuant to Minn.Stat. 549.21.

### Issues

1. Did the trial court err in failing to apply the doctrine of discharge by supervening frustration to relieve Toro of its obligation to pay National its placement fee when Toro hired the candidate National referred to it, and then unilaterally eliminated that new employee's position before that person began working?

2. Did Toro fail to prove at trial that adverse business conditions beyond its control supervened and frustrated the purpose of the contract between it and National?

3. Did the trial court err in allowing attorney's fees pursuant to Minn.Stat. 549.-21 when Toro refused to settle the case at pretrial conference, claiming that it would present evidence at trial resolving the dispute, then failed to present any evidence on the primary issue at trial?

### Analysis
### The Doctrine of Discharge by Supervening Frustration

The Restatement (Second) of Contract, 265 (1981) provides:

Where, after a contract is made, a party's principal purpose is substantially frustrated without his fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, his remaining duties to render performance are discharged, unless the language or the circumstances indicate the contrary.

This common law doctrine has been adopted as the law of Minnesota in *J.J. Brooksbank Co. v. Budget Rent-A-Car*, 337 N.W.2d 372 (Minn.1983).

There are three conditions which must be met before the defense of frustration applies.

1. The party's principal purpose in making the contract is frustrated;

2. without that party's fault;

3. by the occurrence of an event, the non-occurrence of which was a basic assumption on which the contract was made.

*Wm. Beaudoin & Sons, Inc. v. Milwaukee County*, 63 Wis.2d 441, 217 N.W.2d 373 (1974).

Toro argues that the court erred as a matter of law in failing to apply this doctrine because at the time of contracting a basic assumption was the existence of the senior data specialist position for Paulsen. This position, it claimed, was eliminated through no fault of its own. Therefore, Toro argues, it should be relieved of its obligation to pay National the placement fee.

The problem with this argument is two-fold. First, Toro failed to prove that the principal purpose of hiring Paulsen was frustrated by the elimination of the senior data specialist position. Second, Toro failed to prove that it was without fault in eliminating Paulsen's position.

### Principal Purpose

A Toro manager testified that without the specific position of senior data specialist, Paulsen's services were not needed. This was the only evidence Toro submitted regarding the principal purpose for hiring Paulsen.

Other evidence, however, indicates that Paulsen was a man of varied background and skills. Toro presented no testimony explaining why Paulsen's skills could not be used in other positions within the company.

While the trial court made no specific finding concerning the defense of the doctrine of discharge by supervening frustration, a fair reading of the judge's findings of fact and conclusions of law indicates that he considered all of the elements of this doctrine and found the evidence wanting. It is well settled that findings of fact of a trial court sitting without a jury are not to be upset upon appellate review unless those findings are clearly erroneous. Minn.R.Civ.P. 52.01. Here, the findings of the trial court are not clearly erroneous.

### Without Fault

Toro did not prove the existence of adverse business conditions, nor did it prove that it was without fault in eliminating Paulsen's position. It merely asked the court to take judicial notice of the adverse business conditions under which it operated and determine that these conditions were beyond its control and caused the elimination of Paulsen's position.

■ It has long been held that judicial notice may be taken of "that which may be regarded as common knowledge of every person of ordinary intelligence; of that which is or ought to be generally known," *Lickfett v. Jorgenson*, 179 Minn. 321, 324, 229 N.W. 138 (1930).

■ Judicial notice is to be taken with caution and every reasonable doubt as to the propriety of its exercise in a given case should be resolved against it. *Remick v. Clousing*, 205 Minn. 296, 285 N.W. 711 (1939). *See* Rule 201, Rules of Evidence and Comments.

The court took judicial notice of adverse business conditions in *Barlow v. Budge*, 127 F.2d 440 (8th Cir.1942) where the court said "It is common knowledge that business conditions which prevailed during the 1930s were unfavorable. Businessmen were urged to continue operations in the face of adverse conditions, to prevent further unemployment and in the hope that their businesses might survive." *Id.* at 443.

■ Here, Toro presented no evidence and made no offer of proof indicating a down turn in the 1981 economy because of adverse business conditions. Toro's reliance on *Barlow* is misplaced because the kind of extreme conditions following the 1929 stock market crash allowing that court to take judicial notice of adverse business conditions were not shown to be present here.

■ The court properly refused to take judicial notice of Toro's claimed adverse business conditions. Since Toro failed to prove that it was without fault in eliminating Paulsen's position, it failed to meet all the requirements for a defense of frustration, and the court properly refused to apply it. Thus, further discussion of the elements constituting a defense of frustration is not required.

### The Award of Attorney Fees

Minn.Stat. 549.21 (1982) provides that "[u]pon motion of a party ... the court in its discretion may award to that party ... reasonable attorney fees ... if the party or attorney against whom ... fees are charged acted in bad faith."

The court in *Fownes, et al. v. Hubbard Broadcasting, Inc.*, 310 Minn. 540, 542, 246 N.W.2d 700, 702 (1976), characterized this

statute as a codification of the common law rule that attorney's fees are recoverable where the unsuccessful party has acted in bad faith, vexatiously, or for oppressive reasons. See also *Minnesota-Iowa Television Co. v. Watonwan T.V. Improvement Ass'n*, 294 N.W.2d 297 (Minn.1980) and *Cherne Industrial, Inc. v. Grounds & Associates, Inc.*, 28 N.W.2d 81 (Minn.1979).

The award of attorney fees under this statute can only be upset upon a finding of abuse of discretion by the trial court. *Blattner v. Forster*, 322 N.W.2d 319 (Minn. 1982). By his conclusions of law, the trial court found "bad faith" on Toro's part.

Here, Toro refused to settle this case at pretrial conference, claiming that it would present evidence at trial establishing the intent of the parties in making the contract. Relying upon this, a trial date was set. At trial Toro failed to present any evidence on this issue. Additionally, it failed to even attempt to prove that it met the requirements for a contract defense of frustration, its claimed defense.

We believe the trial court did not abuse its discretion in awarding National $1,112 for attorney fees. Furthermore, we award an additional $400 for attorney fees on appeal.

Affirmed.