**Robert M. LEVINE, et al., Respondents,**

v.

**Alvin E. SUTHERLAND, as Trustee of the Fine Land Trust, et al., Appellants.**

**No. C4–84–1810.**

Court of Appeals of Minnesota.

Feb. 26, 1985.

John F. Wagner, Stern, Levine, Lifson, Wagner & Strauss, Minneapolis, for respondents.

Kimball Foster, Lubov & Foster, Minneapolis, for appellants.

Heard, considered and decided by WOZNIAK, P.J., and PARKER and HUSPENI, JJ.

## OPINION

PARKER, Judge.

This is an appeal from an order denying appellants' motion for attorney's fees. The underlying lawsuit involved a dispute between vendors and vendees of two successive contracts for deed over entitlement to insurance proceeds paid for damage to the property. Appellants prevailed at trial and on appeal. Thereafter, appellants moved

for attorney's fees, alleging respondents' lawsuit was brought in bad faith. The trial court denied the motion. We affirm.

## FACTS

In 1978 appellant Alvin Sutherland sold a parcel of real property to appellants Richard and Eleanor Brisbois by contract for deed (Sutherland contract). In 1980 the Brisboises conveyed the property to respondents Robert Levine and Robert Sharpe by contract for deed (Brisbois contract). The Sutherland contract expressly imposed an obligation upon the Brisboises to insure the premises against loss by fire and provide extended coverage. The Brisbois contract, on the other hand, required respondents to procure insurance only against loss by fire and windstorm. In addition, while the Brisbois contract specifically refers to the Sutherland contract, appellants did not agree to assume any obligations on it.

Both contracts contained the loss-payable clause then found in Minnesota's Uniform Conveyancing Blanks, No. 54, which provided that in case of loss, insurance proceeds were payable to the vendor with any surplus going to the vendee. *See* Minn. Stat.Ann. § 507.09 & Uniform Conveyancing Blanks, No. 54 (West 1947).

Respondents purchased the required insurance coverage. To protect their equitable interests, they also purchased extended coverage.

In 1982 the property was damaged when a water main burst, a loss covered by respondents' insurance but not required by the Brisbois contract. The insurance company negotiated a settlement with respondents for $237,986 and issued two checks payable to the order of both appellants and respondents. Appellants refused to sign the checks because respondents declined to pay the proceeds over to them. Respondents then commenced a lawsuit to compel appellants to relinquish the insurance proceeds, claiming that in equity they should be permitted to use the proceeds to repair the building.

The district court granted appellants' motion for summary judgment, finding that the issues raised were strictly issues of law and that the contracts for deed were clear and unambiguous.

The Minnesota Supreme Court summarily affirmed the trial court's order and denied respondents' petition for rehearing.

Thereafter, appellants moved for attorney's fees under Minn.Stat. § 549.21 (1982), alleging that respondents' lawsuit was brought "vexatiously and without proper motive." The trial court denied appellants' motion.

## ISSUE

Did the trial court abuse its discretion in denying appellants' claim for attorney's fees under Minn.Stat. § 549.21?

## DISCUSSION

Appellants argue they are entitled to attorney's fees under Minn.Stat. § 549.21, which states in relevant part:

> [T]the court *in its discretion* may award to that party * * * reasonable attorney fees * * * if the party or attorney against whom [attorney fees] are charged acted in bad faith; asserted a claim or defense knowing it to be frivolous; asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass; or committed a fraud upon the court. * * * Nothing herein shall authorize the award of * * * fees against a party or attorney advancing a claim or defense unwarranted under existing law, if it is supported by a good faith argument for an extension, modification, or reversal of the existing law.

(Emphasis added).

█ In their motion for attorney's fees appellants argued that because the court found the contract was clear and unambiguous, respondents' lawsuit was brought in bad faith. The trial court's decision regarding the award of attorney's fees under Minn.Stat. § 549.21 can only be upset upon a finding of abuse of discretion by the trial court. *See National Recruiters, Inc. v.*

*Toro Co.*, 343 N.W.2d 704, 709 (Minn.Ct. App.1984) (citing *Blattner v. Forster*, 322 N.W.2d 319 (Minn.1982)).

In *Blattner v. Forster* the court affirmed an award of attorney's fees in litigation involving a contract for deed. The court said, "[b]ecause the contract is not ambiguous, it is difficult to conclude that [the plaintiff] acted other than vexatiously in bringing this lawsuit." *Id.* at 321.

The trial court distinguished *Blattner* and denied appellants' claim, stating that respondents' claim was supported by a good-faith argument for modification of existing law. Appellants dispute the trial court's rationale.

Respondents pointed out to the original trial court that they were not contractually obligated to provide insurance for the type of loss which occurred. They argued that since appellants were not asserting a contract right, the rule that a contract-for-deed vendor is entitled to have all insurance proceeds applied to reduce the balance due on the contract should not apply. Respondents claimed they should be allowed to retain the insurance proceeds for repair of the premises.

Appellants argued strenuously that respondents' claim was an attempt to have the court confer upon them a benefit which was not bargained for in the contract for deed. The original trial court agreed. It seems to us, however, that appellants also seek an unbargained-for benefit. That is, appellants seek insurance proceeds from a type of loss which was not negotiated for in the contract but was voluntarily undertaken by the vendees. Just as the original trial court was not persuaded by respondents' argument, we are unsympathetic to essentially the same argument advanced on behalf of appellants.

Respondents also argued that they were entitled to the insurance proceeds for repair of the premises by operation of equity, if not law. The original trial court rejected respondents' equitable arguments, holding that the contractual language, together with *Gilles v. Sprout*, 293 Minn. 53, 196 N.W.2d 612 (1972), were dispositive of respondents' claim.

In *Gilles* a building being purchased by contract for deed was destroyed by fire. In dictum, the court observed that the provisions in Form No. 54 of the Uniform Conveyancing Blanks mandate that the proceeds of insurance be paid to the vendor to apply on the balance due on the contract, with any surplus to be paid to the vendee. *Id.* at 59 n. 2, 196 N.W.2d at 615 n. 2.

■ We agree with respondents that *Gilles* is distinguishable from this case. The most obvious difference is that in *Gilles* the property was totally destroyed, whereas in this case the damage was partial and the building repairable.

The significance of this distinction is bolstered by the fact that Uniform Conveyancing Form No. 54 has been changed so as to allow a vendee, under certain circumstances, to apply insurance proceeds to repair damaged property. *See* Minn.Stat.Ann. § 507.09 & Uniform Conveyancing Blanks, No. 54–M (West Supp.1984). The change suggests that far from being a frivolous claim, respondents advanced a solid equitable argument which was, in essence, an argument for modification of existing law.

The trial court was undoubtedly aware of these facts and so in its discretion denied attorney's fees.

## DECISION

The trial court did not abuse its discretion in denying appellants' claim for attorney's fees under Minn.Stat. § 549.21.

Affirmed.