Phyllis STRAND, Appellant,

v.

Robert C. NELSON, Respondent.

No. C9–85–1229.

Court of Appeals of Minnesota.

Feb. 11, 1986.

William A. Baulder, Austin, for appellant.

Scott Richardson, Austin, for respondent.

Considered and decided by the court en banc, consisting of POPOVICH, C.J., and PARKER, SEDGWICK, HUSPENI, NIERENGARTEN, RANDALL and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Phyllis Strand appeals from a judgment of the Mower County District Court that awarded her $500 in damages but awarded respondent Robert Nelson $1500 in attorney fees. Strand contends that the trial court erred in failing to award her adequate damages and in its award of fees to respondent.

## FACTS

Appellant Phyllis Strand and respondent Robert Nelson are sister and brother. This lawsuit concerns certain personal property once owned by their deceased father, Carl Nelson. Carl Nelson died on July 13, 1982 at the age of 93.

In 1978, a conservatorship was established for Carl Nelson's estate in Hennepin County proceedings; First Fiduciary Corporation was named conservator. At that time, Carl Nelson moved in with respondent and his family at their home in Racine, Minnesota. In June, 1980 appellant conducted an inventory of Carl Nelson's unoccupied home. In July, at his father's direction, respondent moved various items of furniture from Minneapolis to Racine.

On October 30, 1981, Phyllis Strand, Robert Nelson, and the conservator signed a settlement agreement that resolved several disputes and divided Carl Nelson's personal property. The agreement provided in part that:

7. * * * Nelson represents that the Steinway parlor grand piano and bench are in reasonably good condition without any parts broken. Nelson shall be liable for any damage to the Steinway parlor grand piano and bench while in his possession or control and until turned over to Strand.

\* \* \* \* \* \*

9. * * * The person who has had possession of the property shall be liable for any damage to the property while it is in the possession or control of such person.

Among the items distributed to Strand were the piano, a table lamp, and a dining room table with chairs and buffet.

On May 29, 1982, Strand picked up the piano at Nelson's home in Racine; the lamp was not there. Strand did not take the other furniture at that time because "it was so badly damaged." She retrieved the remaining items, except for the lamp, on January 12, 1985.

On August 31, 1984, Strand filed this suit in Mower County, alleging numerous liabilities of Robert Nelson:

1. $35 for non-delivery of sheet music.
2. $280 for non-delivery of table leaves.
3. $350 for non-delivery of a lamp.
4. $625 for damage to the piano.
5. $20 for damage to a trunk.
6. $355 for damage to a dining room desk.
7. $550 for damage to a dining room table.
8. $720 for damage to a dining room buffet.
9. $990 for damage to eight dining room chairs.
10. In addition to the above items, totaling $3,925, a sum of $4,227.50 in attorney fees and $97.52 in ex-

penses, "incurred in enforcing her rights under said agreement."

Strand requested a judgment for a total of $8,250.02. Nelson brought a counterclaim, alleging that Strand had property that was his under the agreement.

Following a bench trial, the trial court found that the dining room set had sustained damages of $500 while in Nelson's possession and that he was liable under the settlement agreement for that amount. The court further found that Strand failed to establish that Nelson had damaged the piano, or that he was responsible for the missing lamp and sheet music, or that straps on a very old trunk should be repaired. Nelson had already received the property due him, so he took nothing on his counterclaim.

In paragraph 16 of its findings of fact, the trial court addressed Strand's claim for over $4,000 in attorney fees and expenses. The court found that the "minimal damage to plaintiff's property by defendant did not support, warrant, or make it necessary for plaintiff to institute legal proceedings or to obtain the assistance of legal counsel." Responding further to Strand's claim for fees, the trial court observed that she could have resolved the matter in small claims court.

Finally, the trial court reached the conclusion that Nelson should be awarded $1,500 for his reasonable attorney fees in the case. In addition to its findings that Strand was entitled to no relief on nine of her ten claims, the court found that her suit was "unwarranted."

A net judgment for respondent Robert Nelson of $1,000 was entered on April 2, 1985. No motion for a new trial or amended findings was made. This appeal followed.

## ISSUES

1. Does the evidence sustain the trial court's findings of fact?

2. Did the trial court err in awarding attorney fees?

## ANALYSIS

The Minnesota Supreme Court stated in *Gruenhagen v. Larson,* 310 Minn. 454, 246 N.W.2d 565 (1976) that:

[O]n appeal from a judgment where there has been no motion for a new trial the only questions for review are whether the evidence sustains the findings of fact and whether such findings sustain the conclusions of law and the judgment.

*Id.* at 458, 246 N.W.2d at 569. *See also Schatz v. Davis,* 354 N.W.2d 522, 524 (Minn.Ct.App.1984).

Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

Minn.R.Civ.P. 52.01.

A finding is clearly erroneous if it is demonstrated that it is without substantial evidentiary support or that it was induced by an erroneous view of the law.

*Anda Construction Co. v. First Federal Savings & Loan,* 349 N.W.2d 275, 277 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Sept. 5, 1984) (citing *Ortendahl v. Bergmann,* 343 N.W.2d 309 (Minn.Ct.App. 1984)).

### 1.

### *The Personal Property*

Appellant testified that the piano and furniture were undamaged and the lamp was present when she inventoried the Carl Nelson home in June, 1980. It is undisputed that Robert Nelson moved some of the property to his home in July, 1980. Under the settlement agreement, signed October 30, 1981, Phyllis Strand was entitled to immediate possession of the piano, furniture, and lamp. She claimed that when she arranged to pick up her property from Nelson, the piano and furniture were badly damaged and the lamp was missing. The fact that the items are damaged is not disputed; photographs show their state of disrepair.

What is still disputed is how the items came to be damaged or lost. Nelson testi-

fied that the piano and furniture dated from at least the 1930's and had been in Carl Nelson's home as long as he could remember. Nelson said that his father refinished the furniture in 1946 and it had been in constant use since that time. Nelson's mother had damaged the piano years ago by cleaning it with carbon tetrachloride. Nelson never removed the lamp from Carl's home. Five other persons had keys to that house and it had been vacant since 1978. Nelson did admit, however, that his son had damaged the caning on one of the dining room chairs.

■ The parties each presented testimony to corroborate their conflicting versions of the facts. The trial court found that Nelson was responsible for damage to the dining room chairs and awarded Strand $500. Appellant says that the $500 represented the cost of recovering and reupholstering dining room chairs. The court found that Strand had failed to prove that the other damage or the missing items were Nelson's responsibility. We see no reason to disturb these findings.

> Where there is a conflict of evidence, it is for the trial court hearing a matter without a jury to mentally sift the evidence and determine the facts, and we will not disturb its findings where there is evidence which reasonably supports the same.

*Peterson v. Johnston,* 254 N.W.2d 360, 362 (Minn.1977).

## 2.

### *Attorney Fees*

In *Barr/Nelson, Inc. v. Tonto's, Inc.,* 336 N.W.2d 46 (Minn.1983), the supreme court stated:

> We have long held that attorney fees are not recoverable in litigation unless there is a specific contract permitting or a statute authorizing such recovery.

*Id.* at 53. Attorney fees may be awarded under Minn.Stat. § 549.21, which provides in part that:

> Upon motion of a party, the court in its discretion may award to that party costs, disbursements, reasonable attorney fees

and witness fees if the party or attorney against whom costs, disbursements, reasonable attorney and witness fees are charged acted in bad faith; asserted a claim or defense knowing it to be frivolous; asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass; or committed a fraud upon the court. To qualify for an award under this section, a party shall give timely notice of intent to claim an award.

Minn.Stat. § 549.21 (1984). An award of attorney fees under this statute can only be upset upon a finding of abuse of discretion by the trial court. *Blattner v. Forster,* 322 N.W.2d 319, 321 (Minn.1982); *National Recruiters, Inc. v. Toro Co.,* 343 N.W.2d 704, 709 (Minn.Ct.App.1984).

■ Here Nelson requested attorney fees in his written summation, filed on March 11, 1985. Strand had an opportunity to respond before judgment was entered but did not do so. Neither did she make a motion for amended findings or a new trial. The trial court awarded attorney fees to respondent because it found that appellant's suit was unwarranted; the court made an award for admitted damage to dining room chairs, but decided that nine other itemized claims stated in Strand's complaint were unfounded.

We conclude the trial court did not abuse its discretion in awarding attorney fees to respondent. This conclusion would be more matter of fact in circumstances where the plaintiff recovered nothing. Is a different result compelled where the court grants undisputed relief on one of eleven claims itemized in the complaint? Has the plaintiff succeeded in her suit such that an award of fees is improper? *See National Recruiters, Inc.,* 343 N.W.2d 704.

■ Strand's recovery here was limited to a distinctive part of the proceedings, and the trial court acted within its discretion in deciding that an award of fees was just with regard for its assessment of all other parts of the case. Any "claim" can be scrutinized under Minn.Stat. § 549.21, and

we cannot dispute the trial court's assessment of nearly all claims in this case. We do not agree that presentation of a single valid claim immunizes a party from hazards of an award under section 549.21 for other frivolous or bad faith claims.

■ The trial court made no findings using the specific language of section 549.-21. The court found appellant's case "unwarranted." There is sufficient evidence here to support an award under the statute, and we will not reverse solely because of the trial court's choice of words in its findings of fact.

## DECISION

The trial court's findings, conclusions, and judgment were sustained by the evidence and an award of attorney fees to respondent was not an abuse of discretion.

Affirmed.

PARKER, Judge (dissenting).

The statute authorizes a trial court to award attorney's fees in four instances only, i.e., when a party or attorney has:

(1) acted in bad faith;

(2) asserted a claim of defense knowing it to be frivolous;

(3) asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass; or

(4) committed a fraud upon the court. Minn.Stat. § 549.21 (Supp.1985).

The trial court found that the plaintiff's property had sustained damage of $500. With respect to attorney's fees, the trial court found that:

16. The minimal damage to plaintiff's property by defendant did not support, warrant, or make it necessary for plaintiff to institute legal proceedings or to obtain the assistance of legal counsel. The matter could have easily and expeditiously been resolved by filing a claim in Small Claims Court. Thus, plaintiff is not entitled to an award of attorney's fees.

17. It was necessary, however, for the defendant to obtain the assistance of legal counsel to defend himself against the unwarranted claim of plaintiff. Thus, defendant should be awarded his reasonable attorney fees in the sum of $1,500.00.

Thus, the trial court has awarded attorney's fees to the defendant because the plaintiff brought a case in Mower County District Court which the trial judge felt should have been brought in conciliation court and because, he concludes, the claim was "unwarranted." Reference to the four enumerated statutory grounds illustrates that neither of those cited by the court is a statutorily authorized basis for the award of attorney's fees. Further, the trial court's award of $500 damages literally refutes its conclusion that the plaintiff's claim was unwarranted.

The majority approves this action, attributing to the trial court an assessment of "bad faith" which it did not make. There was only one claim for relief at issue here, a suit for damage to a list of household property. She was awarded less than she sought, but she prevailed in the lawsuit, was the successful party on the issue and can enter costs. The award of attorney's fees should be set aside.

HUSPENI, Judge (dissenting).

I join in the dissent of Judge Parker.

SEDGWICK, Judge (dissenting).

I join in the dissent of Judge Parker.