William KLENNERT, Respondent,

v.

Dennis A. DORHOLT, Appellant.

No. C5–85–1924.

Court of Appeals of Minnesota.

May 6, 1986.

Review Denied July 16, 1986.

---

Michael F. Ryan, Ryan, Ryan and Zimmerman, Aitkin, for respondent.

John C. McNulty, Charlotte M. Reed, McNulty & Wallace, St. Paul, for appellant.

Heard, considered and decided by WOZNIAK, P.J., and HUSPENI and RANDALL, JJ.

## OPINION

HUSPENI, Judge.

A jury found that appellant Dennis Dorholt had breached the terms of a contract for deed that he had entered into with respondent William Klennert and awarded Klennert $61,825.41 in damages. The trial court allowed a set-off for the amount owing on the contract for deed which resulted in a monetary judgment of $1,175.98 for Dorholt. On appeal, Dorholt argues that: (1) there is not sufficient evidence to support the jury's award of damages to Klennert; (2) the trial court erred in submitting a general verdict form to the jury with a verdict for plaintiff already entered; and (3) the trial court erred by finding a term in the contract for deed ambiguous and admitting parol evidence. We reverse and remand for a new trial.

## FACTS

On February 26, 1979, Dennis Dorholt and William Klennert entered into a contract for deed under which Dorholt was to sell Klennert a gas station and convenience store facility. The contract for deed provided that Klennert would pay $20,000 down and $1,000 per month. The contract also provided that:

> It is further agreed by and between the parties hereto that during the term of this contract, party of the second part [Klennert] shall purchase all gasoline products used in the operation of the above described premises from parties of the first part [Dorholt] at one percent (1%) over parties of the first part cost, plus freight.

Klennert performed under the contract until March 1983, when he discovered that Dorholt had been overcharging him for the gasoline. At this time he quit making payments on the contract for deed and quit buying gasoline from Dorholt. Klennert then filed a lawsuit against Dorholt for the damages he suffered as a result of Dorholt's breach. Klennert claimed that Dorholt's overcharges amounted to $50,950.37 and with interest of $10,875.04, totaled

$61,825.41. Dorholt admitted that there had been some overcharges (approximately $25,000), but contended this breach had not caused any damages to Klennert because Klennert had passed the overcharges on to his customers.

Klennert also claimed the breach had caused him lost profits because he had to charge his customers more for the gasoline and therefore they took their business to his competitors. He attempted to prove this by testifying that his prices were higher than his competitors and that he sold a higher volume of gasoline after he quit buying from Dorholt. Dorholt introduced evidence of other reasons Klennert's sales had increased such as expanded and improved facilities and the fact that one of Klennert's competitors had gone out of business.

Dorholt counterclaimed for damages he suffered when Klennert quit buying gasoline from him as required under the contract for deed. Dorholt presented evidence to show that he had been deprived of freight and gas profits totaling approximately $15,000.

The actual amount Klennert was overcharged was dependent on the meaning of the clause "one percent over parties of the first part cost." The gasoline supplier that Dorholt used had a policy of giving a 1% discount on orders paid within ten days and Dorholt insisted that Klennert pay him promptly so he could take advantage of this discount. Klennert argued that this 1% discount should have been passed on to him, so he would have paid 1% over what Dorholt actually paid for the gasoline. Klennert testified that he and Dorholt had discussed this clause before the contract for deed was signed and this is what Klennert understood the clause to mean.

Dorholt testified that not all suppliers give a prompt payment discount and that within the industry "cost" is understood to mean the cost the supplier charges without the 1% prompt payment discount. Dorholt had an expert from the petroleum industry also testify that this is what "cost" means.

After both parties had presented their respective cases, the trial court informed them that a general verdict form would be used because the court did not see any reason to use a special verdict. In addition, the trial court entitled the verdict form "verdict for plaintiff."

The court reasoned that the only logical conclusion the jury could reach was a verdict in favor of Klennert because Dorholt admitted that he had overcharged Klennert by approximately $25,000 and Dorholt's counterclaim for damages was only approximately $12,000. Therefore the trial court submitted a verdict form that read:

> We, the Jury, find in favor of Plaintiff William Klennert and against Defendant Dennis Dorholt and assess damages in the amount of:
> $_____
> What sum, if any, have you included in your above dollar amount for Plaintiff's lost profits?
> $_____

Dorholt's counsel objected to the general verdict form with a verdict for plaintiff already entered. Dorholt argued that there could be a verdict for Dorholt if the jury found Klennert had passed the overcharges on to his customers, Klennert had no lost profits and Dorholt did have lost profits.

The trial court stated that:

> [I]t occurred to me * * * that that potential existed, if they bought everything that you said. But unless you want to agree to change the general verdict form, I'm not going to change it.

Klennert did not agree to the change and the verdict form went to the jury with a verdict for plaintiff already entered on the form.

The jury returned a verdict for $61,-825.41, which is the exact amount Klennert claimed for overcharges and interest. The jury indicated that none of this award was for lost profits.

## ISSUES

1. Did the trial court commit reversible error when it submitted a general verdict

form to the jury with a verdict for plaintiff already entered?

2. Did the trial court err when it admitted parol evidence to explain the term "cost" in the contract for deed?

## ANALYSIS

### I.

### Verdict Form

█ Dorholt contends that the trial court committed reversible error when it submitted a general verdict form to the jury with a verdict for plaintiff already entered.

Minn.Stat. § 546.19 (1984) provides that:

A general verdict is one by which the jury find generally upon all the issues in favor of the plaintiff or defendant.

The trial court erred when it directly contravened the statute by completing the form with a verdict for the plaintiff. A trial court will not be reversed, however, if the reviewing court can see that the error:

did not change the result nor cause any substantial prejudice to the rights of the complaining parties.

*Miller v. Hughes*, 259 Minn. 53, 62, 105 N.W.2d 693, 699 (1960) (quoting *Church of the Immaculate Conception v. Curtis*, 130 Minn. 111, 120, 153 N.W. 259, 262 (1915)). We cannot reach such a conclusion in this case.

At trial, Dorholt presented evidence of his lost profits from gasoline and freight sales when Klennert ceased purchasing gasoline from him. The trial court instructed the jury to determine the amount Dorholt had overcharged Klennert. The trial court also instructed the jury:

If you find that plaintiff has failed to prove by a greater weight of the evidence that defendant's breach, that is, his overcharges, constituted a material and substantial breach of contract, plaintiff's obligation to purchase defendant's products continued to the present date as I've already told you, and in such case, defendant is entitled to a set-off for his loss of profits if you find that defendant has proven by a greater weight of the

evidence that he did lose profits due to plaintiff not purchasing his products since March 15, 1983. * * *

You'll be given only the one form of verdict and I'm not going to read it to you, I think that's a waste of your time and insulting.

That verdict form however had already been completed to read "We the Jury, find in favor of Plaintiff William Klennert and against Defendant Dennis Dorholt" and the jury found for Klennert for the full amount he claimed he had been overcharged and allowed no set-off for Dorholt's lost profits.

By completing the verdict form the way it did, the trial court may very well have precluded the jury from determining the issues of whether Klennert had proven a material breach and whether Dorholt was entitled to a set-off for lost profits. When, as in this case, a party is deprived of having all the issues determined by the jury, the error warrants a new trial. *See Roske v. Ilykanyics*, 232 Minn. 383, 392–93, 45 N.W.2d 769, 775 (1951).

We recognize the considerable time and expense that has already been expended on this case and the seriousness of overturning a jury verdict. Under no theory, however, can we conclude that the trial court's actions in this case which directly affected the jury's ultimate conclusions were harmless error.

### II.

### Parol Evidence

Because the issue will arise again on retrial we will address the question of the admissibility of extrinsic evidence. Dorholt argues that the trial court erred when it determined that there was an ambiguity in the gasoline purchase clause as to what "cost" included and admitted parol evidence of the parties' precontract negotiations.

Whether a contract term is ambiguous is a question of law to be resolved by the trial court. *Blattner v. Forster*, 322 N.W.2d 319, 321 (Minn.1982). A contractual term is ambiguous if it is reasonably susceptible

to more than one interpretation. *ICC Leasing Corp. v. Midwestern Machinery Co.*, 257 N.W.2d 551, 554 (Minn.1977). Evidence of precontract negotiations can then be considered to determine the intent of the parties. *Id.*

In the present case the phrase "parties of the first part cost" could have been interpreted as either the amount Dorholt's supplier billed him or the amount Dorholt actually paid after the prompt payment discount. In light of these two plausible interpretations, the trial court did not err in admitting extrinsic evidence to explain the meaning of the phrase.

Dorholt also argues that the evidence is not sufficient to sustain the jury's award of damages. Because of our disposition of this case, we do not reach this issue.

## DECISION

The trial court committed reversible error when it submitted a general verdict form to the jury with a verdict for plaintiff already entered.

The trial court properly admitted parol evidence to explain an ambiguous term in the contract between Klennert and Dorholt.

Reversed and remanded for a new trial.