**Carolyn KILTON, Respondent,**

v.

**RICHARD G. NADLER & ASSOCIATES, Appellant.**

**No. C7–89–590.**

Court of Appeals of Minnesota.

Nov. 7, 1989.

Review Denied Jan. 12, 1990.

Jane Van Valkenburg, Van Valkenburg Law Office, St. Paul, for respondent.

Richard G. Nadler & Associates, St. Paul, pro se.

Heard, considered and decided by NORTON, P.J., and LANSING and IRVINE *, JJ.

## OPINION

L.J. IRVINE, Judge.

Appellant Richard Nadler appeals from the judgment entered on March 27, 1989, and an order dated February 23, 1989, denying his motion for amended findings and a new trial. Nadler argues that the trial court erred in its findings and conclusions, in its ruling that he must proceed by general denial after failing to plead an affirmative defense, and in its award of attorney fees to Kilton.

Respondent Carolyn Kilton filed a notice of review challenging the portion of the judgment in which the court denied her motion to assess a penalty against Nadler and for additional attorney fees.

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. VI, § 2.

## FACTS

Carolyn Kilton was employed by Richard Nadler from February 2, 1987 through April 21, 1988. She was hired as a bookkeeper/receptionist, working a 40–hour week, for a monthly salary of $1,200. At the end of her employment, Kilton had become the office manager and was working a 50–hour week, for a monthly salary of $1,730. There was no written employment agreement.

After leaving her position on April 21, Kilton received a call from Michael Hoverson, an associate of Nadler's. Hoverson asked her to come into the office and work for a few hours to inform Nadler's current staff about the status of ongoing projects, noting that she would be paid for that day. Although Kilton initially told Hoverson she did not want to be paid, upon going in on April 29 and discovering the amount of work involved, and after a disagreement with Nadler, she informed Hoverson she had changed her mind. He assured her she would be paid.

There is no dispute that Kilton was entitled to be paid for two weeks of accrued vacation. The amount owed her is at issue, however. Nadler tendered a check to Kilton for $605.60 for vacation benefits based only upon a 40–hour work week. Additionally, he deducted $207.18 from that check for "overpayments" or reimbursements of benefits. At no time during her employment did Nadler inform Kilton that she would be required to reimburse him for any benefits if she ever left her position. Kilton also was not paid for the work she performed on April 29 or for her unused sick time.

Pursuant to Minn.Stat. § 181.14 (1988), Kilton formally demanded payment from Nadler for the difference between what she received and what she claimed was actually owed. After Nadler refused to tender any further payments, Kilton commenced an action in conciliation court and was awarded $1,201.67. Nadler appealed the decision to Ramsey County District Court, where judgment was entered in Kilton's favor for $1,191.28 ($791.28 plus $400 in attorney fees).

## ISSUES

1. Did the trial court err in its findings and conclusions?

2. Did the trial court abuse its discretion in denying Nadler's motion for a new trial?

3. Did the trial court err in ruling that Nadler must proceed by general denial of Kilton's claim after he failed to serve an answer setting forth an affirmative defense?

4. Did the trial court abuse its discretion in awarding attorney fees to Kilton?

5. Did the trial court err in failing to assess a penalty against Nadler?

## ANALYSIS

■ 1. Nadler claims that the trial court erred in its findings and conclusions. However, because no written agreement existed, the court made its findings based upon conflicting testimony and evidence received in a full-day trial. This court must give due regard to the opportunity of the trial court, as factfinder, to judge the witness' credibility. *Bergstedt, Wahlberg, Berquist Associates, Inc. v. Rothchild,* 302 Minn. 476, 479, 225 N.W.2d 261, 263 (1975).

■ Any errors made by the trial court in its findings and conclusions were harmless. Findings of fact will not be set aside unless they are clearly erroneous and this court is left with a definite and firm conviction that a mistake has been made. *Carstedt v. Grindeland,* 306 N.W.2d 105, 109 (Minn.1981). The record does not reveal any evidence that leads us to such a conclusion.

■ 2. It is within the trial court's discretion to grant or deny a new trial, and its decision will not be disturbed on appeal except for a clear abuse of discretion. *Law v. Essick Manufacturing Co.,* 396 N.W.2d 883, 888 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Jan. 27, 1987). Where a denial of a motion for a new trial is appealed, it is not this court's duty to reconcile conflicting evidence or solve doubts arising from the evidence. *Bergstedt,* 302 Minn. at

479, 225 N.W.2d at 263. We find no abuse of discretion in the present case.

3. We do not agree with Nadler's contention that the trial court erred in ruling he must proceed by general denial of Kilton's claim after he failed to serve an answer setting forth an affirmative defense.

Pursuant to Rule 1.23 of the Minnesota Rules of Conciliation Court:

> [T]rial in the county court shall * * * be as if originally commenced therein, and according to the rules of civil procedure governing trials therein * * *.

Therefore, at the district court level, Nadler's case is governed by the Minnesota Rules of Civil Procedure, where Rule 8.03 states:

> * * * [A] party shall set forth affirmatively * * * fraud, illegality * * * and any other matter constituting an avoidance or affirmative defense.

4. The trial court has discretion to award attorney fees against a party or an attorney who acts in bad faith. Minn. Stat. § 549.21, subd. 2 (1988). The award may be upset only upon a finding that the court abused its discretion. *Blattner v. Forster*, 322 N.W.2d 319, 322 (Minn.1982).

After reviewing the record, we do not find that the court abused its discretion in awarding Kilton $400 in attorney fees.

5. Pursuant to Minn.Stat. §§ 181.14 and 181.79 (1988), Kilton argues the trial court erred in failing to assess a penalty against Nadler. Minn.Stat. § 181.14 provides in pertinent part:

> When any such employee, not having a contract for a definite period of service, quits or resigns employment, the wages or commissions earned and unpaid at the time the employee quits or resigns shall become due and payable within five days thereafter. Any employer failing or refusing to pay such wages or commissions, after they become due, upon the demand of the employee, shall be liable to the employee from the date of the demand for an additional sum equal to the amount of the employee's average daily earnings provided in the contract of employment, for every day, not exceeding 15 days in all, until such payment or other settlement satisfactory to the employee is made. * * *

The trial court found that Kilton was entitled to, but never received, $31.93 in wages for her work on April 29, 1988, but declined to assess a penalty on the basis that the wages due and owing are so minimal that a penalty would unjustly enrich Kilton. However, the statute requires no minimum amount of wages to be owing before a penalty can be assessed, and the supreme court has stated that Minn.Stat. § 181.14 should be strictly construed. *Chatfield v. Henderson*, 252 Minn. 404, 410, 90 N.W.2d 227, 232 (1958). Thus, a penalty of $1,197 must be assessed against Nadler pursuant to Minn.Stat. § 181.14.

Additionally, Minn.Stat. § 181.79 mandates a penalty for improper deductions from an employee's paycheck.

> Subdivision 1. No employer shall make any deduction, directly or indirectly, from the wages due or earned by any employee, who is not an independent contractor, for lost or stolen property, damage to property, or to recover any other claimed indebtedness running from employee to employer, unless the employee, after the loss has occurred or the claimed indebtedness has arisen, voluntarily authorizes the employer in writing to make the deduction or unless the employee is held liable in a court of competent jurisdiction for the loss or indebtedness.

> Subd. 2. An employer who violates the provisions of this section shall be liable in a civil action brought by the employee for twice the amount of the deduction or credit taken.

Nadler improperly deducted amounts totalling $207.18 from Kilton's unused vacation time. Consequently, he is liable to her for $414.36, twice the amount improperly deducted. *See Massachusetts v. Morash*, —— U.S. ——, 109 S.Ct. 1668, 1674, 104 L.Ed.2d 98 (1989) (determining that payment for unused vacation time is equivalent to regular wage compensation).

## DECISION

The trial court's order denying a new trial and its judgment awarding Kilton $1,191.28 ($791.28 for earned and unpaid wages and benefits and $400 in attorney fees) is affirmed. Penalties of $1,197 and $414.36, pursuant to Minn.Stat. §§ 181.14 and 181.79 respectively, are assessed against Nadler. We decline to award additional attorney fees on appeal.

Affirmed as modified.

