**In the Matter of CONDEMNATION BY PETITIONER, THE MINNEAPOLIS COMMUNITY DEVELOPMENT AGENCY (MCDA), OF CERTAIN LANDS IN THE CITY OF MINNEAPOLIS SITUATED IN THE FRANKLIN AVENUE REDEVELOPMENT PROJECT AREA ("KAPLAN BLOCK").**

Nos. C8–91–2252, C3–91–2384.

Court of Appeals of Minnesota.

July 21, 1992.

Review Denied Sept. 15, 1992.

Josiah E. Brill, Jr., Anthony J. Gleekel, Siegel, Brill, Greupner & Duffy, P.A., Minneapolis, for appellants Franklin Corral, Inc., Sherman Rackner, Gary Rackner and Paula Rackner.

C. Blaine Harstad, Gray, Plant, Mooty, Mooty & Bennett, P.A., Minneapolis, for respondent Minneapolis Community Development Agency.

Considered and decided by HARTEN, P.J., and RANDALL and FOLEY,* JJ.

## OPINION

HARTEN, Judge.

The trial court denied the motion of appellant Franklin Corral, Inc. to compel the condemnation commissioners to consider evidence of lost going-concern value. Appellant argues that the trial court's finding that the Corral Bar's trade area was within a one and one-half mile radius is clearly erroneous and that the trial court misapplied the test established in *City of Minneapolis v. Schutt*, 256 N.W.2d 260, 265 (1977). We affirm.

## FACTS

Appellant owned and operated the Corral Bar ("Corral") located on East Franklin Avenue in Minneapolis. Minneapolis licensed Corral as an exclusive on-sale liquor establishment. Corral's business consisted of 80% liquor sales and 20% food sales.

Between 200 and 300 regular customers patronized Corral at least twice a week. Virtually all of the customers were Native Americans who lived within one and one-half miles of the bar. Most customers walked to Corral.

Respondent Minneapolis Community Development Agency ("MCDA") initiated condemnation proceeding affecting the Kaplan block. Corral was among the businesses on that block. The trial court ordered an evidentiary hearing to determine whether the issue of lost going-concern value should be submitted to the condemnation commissioners.

At the hearing, appellant stipulated that it could obtain an exclusive liquor establishment license by buying an existing stand-up bar. Diane Brown, a customer, testified that Native Americans came to Corral because it provided a safe and comfortable environment, it cashed checks, the owner, Sherman Rackner, would hold their money, and it sponsored trips to Canterbury

Downs. Brown only secondarily mentioned convenient location. Rackner admitted that "almost all of our customers walked to our bar from within a one and a half to two mile radius." He added, however, that most customers came from six to eight blocks.

## ISSUE

1. Is the trial court's finding that Corral's trade area was within one and one-half miles clearly erroneous?

2. Did the trial court err by concluding that appellant failed to show that it could not relocate as a practical matter or that relocation would result in irreparable harm?

## ANALYSIS

1. This court will not set aside a trial court's findings unless they are clearly erroneous and invite the "firm conviction that a mistake has been made." *Kilton v. Richard G. Nadler & Assocs.*, 447 N.W.2d 468, 470 (Minn.App.1989), *pet. for rev. denied* (Minn. Jan. 12, 1990).

■ Appellant argues that the evidence does not support the trial court's finding that its trade area is within one and one-half miles in all directions. We disagree.

Sherman Rackner's affidavit states "almost all of our customers walked to our bar from within a one and a half to two mile radius." At trial, he admitted that this statement was true, but added that most customers came from six to eight blocks. This record supports the trial court's finding that while most customers walked from approximately eight blocks, Corral's trade area extended to one and one-half miles in all directions. The trial court's finding concerning Corral's trade area is therefore not clearly erroneous.

2. The de novo standard controls this court's review of a trial court's conclusions of law. *Waste Recovery Coop. v. County*

---

* Retired judge of the Court of Appeals, acting as judge of the Court of Appeals by appointment

pursuant to Minn. Const. art. VI, § 2.

*of Hennepin*, 475 N.W.2d 892, 894 (Minn. App.1991), *pet. for rev. denied* (Minn. Dec. 9, 1991). Appellant argues that the trial court misapplied the test set forth in *City of Minneapolis v. Schutt*, 256 N.W.2d 260, 265 (1977). We disagree.

■ The general rule is that the state need not, as part of a condemnation award, compensate a business owner for loss of going-concern value. *Id.* at 261–62. Compensation is not required if the business is free to transfer its going-concern value to a new location. *Kimball Laundry Co. v. United States*, 338 U.S. 1, 11, 69 S.Ct. 1434, 1440, 93 L.Ed. 1765 (1949). Even where going-concern value cannot be transferred, the loss may be so speculative that proof of the loss may be justifiably excluded. *Id.* at 12, 69 S.Ct. at 1441.

Courts have, however, allowed recovery of lost going-concern value in cases where the loss is not speculative. *See, e.g., id.* at 14–16, 69 S.Ct. at 1442–43 (temporary taking prevented relocation); *City of Lansing v. Wery*, 68 Mich.App. 158, 242 N.W.2d 51, 55 (1976) (going-concern value tied to specific location, not particular owners); *Michigan Highway Comm'n v. L. & L. Concession Co.*, 31 Mich.App. 222, 187 N.W.2d 465, 470 (1971) (going-concern value destroyed by loss of monopoly); *State by Mattson v. Saugen*, 283 Minn. 402, 409–10, 169 N.W.2d 37, 42–43 (1969) (ordinances prevented relocation); *cf. City of Detroit v. Whalings, Inc.* 43 Mich.App. 1, 202 N.W.2d 816, 820–21 (1972) (no recovery where location secondary).

■ The Minnesota Supreme Court has held that compensation for lost going-concern value is allowed where the business owner can show:

1) that his going-concern value will in fact be destroyed as a direct result of the condemnation, and 2) that his business either cannot be relocated *as a practical matter*, or that relocation would result in *irreparable harm* to the interest.

*Schutt*, 256 N.W.2d at 265 (emphasis added). Appellant asserts that the trial court misinterpreted the phrases "as a practical matter" and "irreparable harm." Because these phrases harmonize the holdings in *Kimball, L. & L. Concession, Wery, Saugen* and *Whalings*, they must be interpreted in light of those cases.

The *Kimball* and *Saugen* courts allowed compensation for lost going-concern value when a temporary taking or governmental regulation clearly prevented the transfer of going-concern value. *Kimball* 338 U.S. at 14–16, 69 S.Ct. at 1442–43; *Saugen*, 283 Minn. at 409–10, 169 N.W.2d at 42–43; *see also City of Detroit v. Campbell*, 146 Mich.App. 295, 380 N.W.2d 88, 91 (1985) (relocation prevented by large scale condemnation); *City of Detroit v. Michael's Prescriptions*, 143 Mich.App. 808, 373 N.W.2d 219, 225 (1985) (same). The *Whalings* court did not allow recovery, however, where unique factual circumstances prevented the transfer of going-concern value. *Whalings* 202 N.W.2d at 821.

Appellant stipulated that it could obtain an exclusive liquor establishment license by buying an existing stand-up bar. As a result, relocation would depend on the availability of stand-up bars, rather than licensing regulations. The trial court therefore properly concluded that appellant had failed to show that "as a practical matter" Corral could not be relocated.[1]

The *L. & L. Concession* and *Wery* courts allowed recovery where the going-concern value was firmly bonded to the location rather than to the particular owners or services provided. *L. & L. Concession*, 187 N.W.2d at 470; *Wery*, 242 N.W.2d at 55. The *Whalings* court did not allow recovery, however, where location was secondary, despite the fact no suitable relocation sites were readily available. *Whalings* 202 N.W.2d at 820–21. We therefore interpret the phrase "irreparable harm" as meaning that the going-concern value cannot exist apart from the location.

■ The testimony of Diane Brown supported a trial court finding that Corral's

---

**1.** We note that even if the phrase "as a practical matter" were interpreted broadly to include unique factual circumstances, the record indicates that existing stand-up bars were available within the Corral's one and one-half mile trade area.

going-concern value was connected to the services provided by the Rackners, and not its location.[2] The trial court therefore properly concluded that appellant had failed to show that relocation would result in irreparable harm.

## DECISION

Franklin Corral Inc. may not recover going-concern value because it failed to establish that the Corral Bar could not be relocated as a practical matter or that relocation would result in irreparable harm.

Affirmed.

---

**2.** We note that the record supports the trial court's finding that the Corral's going-concern value could be transfered to a 60/40 bar/restaurant because the value was tied to the services provided by the Rackners and not the type of alcohol or food sold.