**In Re the Marriage of: Sharon Lee KRAMER, petitioner, Respondent,**

**v.**

**Larry Dean KRAMER, Appellant.**

**No. C1-85-169.**

Court of Appeals of Minnesota.

July 30, 1985.

Review Denied Oct. 11, 1985.

Natalie J. Hauschild, Redwood Falls, for respondent.

John E. Mack, New London, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER, and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Larry Kramer appeals trial court decisions on child custody, maintenance, child support, and the division of property of the parties. We affirm in part and reverse in part and remand.

## FACTS

The parties were married in 1959, and a dissolution judgment was entered in January 1985. Four of their 10 children are minors. Larry Kramer, 44, has been a farmer and an independent trucker. In 1984, Sharon Kramer, 42, worked part-time as a nursing home aide; she had gross annual earnings of under $7,000. Appellant's farming and trucking business had produced average after-tax income of about $19,000 in the five years through 1983, plus an average of about $22,000 offset by depreciation.

1. Property.

During the marriage, the couple acquired business property, a $12,000 home at Delhi, Minnesota, a $50,000 cabin in Kandiyohi County, household goods, and two personal vehicles. They own an 80 acre tract, have almost paid for a 132.5 acre parcel, and owe almost $450,000 on purchases of another 400 acres.

The trial court and both parties valued marital personal property at about $550,-000, but the parties had non-realty debts totaling over $425,000; in addition, the couple faced income tax liabilities, including penalties and interest, in excess of $205,-000.

Trial court findings show that the net worth of the parties was about $585,000. Larry Kramer contended the real estate was worth less than found by the trial court. He concluded the net worth of the parties was about $250,000.

Sharon Kramer was awarded the cabin, 320 acres of farmland, a 1979 van, and household goods. Larry Kramer was awarded the Delhi house, 292.5 acres of land, and all other personal property, including all machinery and vehicles used in his farming and trucking business. Larry Kramer was left with $225,000 more real estate debt than Sharon. Sharon had to pay income tax liabilities and family debts totaling about $125,000. Larry had to assume the other tax liabilities, about $85,-000, and about $420,000 unsecured business debts.

Using property values found by the trial court, the division leaves Sharon Kramer with a net worth that is over $100,000 more than the net worth of appellant. This is an approximate summary of the division:

| Property | Husband | Wife |
| --- | --- | --- |
| Land | $536,000 | $544,000 |
| House, Cabin | 12,000 | 50,000 |
| Personal Property | 544,000 | 9,000 |
| Realty Debt | (352,000) | (128,000) |
| Other Debt, Taxes | (507,000) | (124,000) |
| Total | $233,000 | $351,000 |

2. Other issues.

The trial court placed custody of the four minor children with Sharon Kramer.

Larry Kramer was required to pay monthly child support of $1,372, decreasing as each minor child is emancipated. The amount was determined under statutory guidelines, based on monthly income of $3,517, the business income of Larry Kramer through 1983, including amounts offset by depreciation. Sharon Kramer was also awarded maintenance of $500 per month for four years.

Sharon Kramer was awarded $18,000 toward her legal expenses, based at least in part on a trial court finding that appellant had been uncooperative in his responses to discovery requests and court orders.

## ISSUES

1. Did the trial court abuse its discretion in its decisions on child custody, property division and respondent's legal expenses?

2. Do the findings or the evidence sustain decisions of the trial court on child support and maintenance?

## ANALYSIS

### I.

Both parties sought custody of the three youngest children, daughters whose present ages are 13, 12 and 9. On appeal, Larry Kramer contends the trial court erred by failing to conduct an interview of the children. Appellant also argues that Sharon has no plan for supervision of the children.

The record on appeal fails to indicate whether the court acted on its announced intention to interview the children. The parties dispute whether the interview occurred. The trial court's decision whether to conduct interviews is discretionary. *Madgett v. Madgett,* 360 N.W.2d 411, 413 (Minn.Ct.App.1985). *See* Minn.Stat. § 518.-166 (1984). The trial court received a child custody investigation report, and the report made note of the children's desires. The evidence does not support an argument that interviews by the court were necessary as a matter of law.

Appellant has pointed to no facts in the record that indicate an abuse of the trial court's discretion in placing the three youngest children with their mother.

### II.

Appellant disputes the trial court's valuation and division of property. He contends Sharon Kramer was awarded an unjust proportion of the marital estate, and he particularly objects to the conclusion that Sharon Kramer take 320 acres of land that was encumbered by debt of only about $123,000. He had asserted at the conclusion of the trial that she should take only an unencumbered 80 acre parcel.

Among the bases for dividing property, the controlling statute refers to the "amount and sources of income, vocational skills, employability, estate, liabilities, needs, opportunity for future acquisition of capital assets, and income of each party." Minn.Stat. § 518.58 (1984). Appellant argues that a farmer cannot continue in his vocation if his capital is so badly reduced that he cannot get operating credit. "[I]f the decree is not drastically revised," he concludes, "[he] will be forced out of the only vocation he has known in his lifetime."

The standards we must uphold on appeal are well-settled. Valuations that are within the limits of credible estimates must be sustained. *Hertz v. Hertz,* 304 Minn. 144, 145, 229 N.W.2d 42, 44 (1975).

Absent a clear abuse of discretion or the erroneous application of prevailing law, we are not to dispute the division of property found just and equitable by the trial court. *Ebnet v. Ebnet*, 347 N.W.2d 840, 842 (Minn. Ct.App.1984).

The valuations used by the trial court were supported by competent expert testimony and the evidence does not preclude the trial court finding that this testimony was credible. We find more disputable the trial court's division of the property.

The trial court's property division leaves respondent with about 60 percent of the net worth of the marital estate. The trial court adopted the findings and conclusions proposed by respondent, and the court made no memorandum or other explanation to indicate how it viewed the statutory factors set forth in section 518.58. Findings of fact recite the income tax respondent would pay "if * * * she had to sell" parcels awarded to her, but that speculative factor cannot be considered. *O'Brien v. O'Brien*, 343 N.W.2d 850, 854 (Minn. 1984).

■ We conclude that the evidence sustains the division such that we cannot say it is clear the trial court abused its discretion. Respondent has limited vocational skills, and appellant has skills honed by twenty-five years of business experience. The trial court has given some security to respondent that is not unjust and might not otherwise be obtainable for her. While appellant's financial situation is perilous, it has not been shown that he is unable to rebuild his business, nor has it been shown that the peril is primarily due to the present division of assets. It was not shown that an alternative disposition would spare appellant any of the financial difficulties he fears.

### III.

A trial court is permitted to make an award of attorney fees. Minn.Stat. § 518.-14. This allowance rests almost entirely within the discretion of the trial court. *Solon v. Solon*, 255 N.W.2d 395, 397 (Minn. 1977); *Deliduka v. Deliduka*, 347 N.W.2d

52, 57 (Minn.Ct.App.1984), *pet. for rev. denied*, (Minn. July 26, 1984). The award will not be disturbed by this court absent a clear abuse of discretion. *Kirby v. Kirby*, 348 N.W.2d 392, 394 (Minn.Ct.App.1984).

■ The award of attorney fees in this matter was supported on the record as to amount as well as justification for the award and cannot be disturbed on appeal.

### IV.

The trial court made three findings pertinent to child support and maintenance: that respondent and the children needed $2,020.97 per month to maintain a "reasonable standard of living;" that Sharon Kramer could earn a net sum of $458 per month; and that appellant's average after-tax income was $3,517.04 per month through 1983, excluding regard for depreciation. There are no trial court findings on the "financial resources" of respondent that exist because of the division of marital property. Minn.Stat. § 518.552, subd. 2(a). More importantly, there are no findings regarding appellant's present ability to pay support or maintenance.

■ Legal duties for family support or maintenance are measured with regard for the "means and station in life" of the obligor. *Hempel v. Hempel*, 225 Minn. 287, 291, 30 N.W.2d 594, 597 (1948). Thus, the court must measure the "ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance." Minn. Stat. § 518.552, subd. 2(f) (1984). His "financial resources and needs" are a factor that must be considered in determining a child support obligation. Minn.Stat. § 518.-17, subd. 4(e).

■ Where prior income came from resources awarded to a spouse, or otherwise lost, it has little bearing on an obligor's ability to pay. Here there must be an assessment of Larry Kramer's present ability to pay. The increased resources of Sharon Kramer must also be considered. Minn.Stat. §§ 518.552, subd. 2(a) and 518.-

17, subd. 4(b). To award spousal maintenance, the trial court must consider the disproportionate division of marital property in favor of Sharon Kramer. Section 518.552, subd. 2(a).

The same rule of law governs a determination of "net income" for purposes of statutory child support guidelines. Minn. Stat. § 518.551, subd. 5. Present income must be measured.

This is not a case where we can interpret the evidence to find facts not stated by the trial court. The matter is remanded for determination of maintenance and support obligations according to the considerations provided by statute.

## DECISION

The trial court acted within the limits of its broad discretion in placing custody of children, dividing marital property, and making an award for legal expenses. Child support and spousal maintenance could not be properly determined without considering the correct resources and needs of the parties. On those issues the judgment of the trial court is reversed and the case remanded for redetermination.