In re the Marriage of Barbara J. LUN-
DELL, n.k.a. Barbara J. Johnson,
Petitioner, Appellant,

v.

Leslie V. LUNDELL, Respondent.

No. C9–85–1652.

Court of Appeals of Minnesota.

May 27, 1986.

Louis M. Reidenberg, Michael Ormond, Reidenberg and Ormond, Minneapolis, for appellant.

Martha A. Eaves, Southern MN Regional Legal Services, Inc., St. Paul, for respondent.

Heard, considered and decided by WOZ-NIAK, P.J., and HUSPENI and RAN-DALL, JJ.

## OPINION

HUSPENI, Judge.

Appellant Barbara (Lundell) Johnson appeals from an order denying an evidentiary hearing on her motion to modify the custody of the parties' son Daniel Lundell. We affirm.

## FACTS

The marriage of appellant and respondent Leslie Lundell was dissolved in 1979. Pursuant to the parties' stipulation, appellant was granted custody of the parties' two children—Nancy and Daniel, now eighteen and twelve years old respectively.

Appellant moved to Texas in June 1983 with the two children after receiving court permission to remove the children from the state. In July 1983, respondent moved to modify custody. On January 27, 1984, after an evidentiary hearing on that motion, the trial court amended the original judgment and decree and granted custody of Nancy to respondent. Nancy then moved back to Minnesota. Appellant retained custody of Daniel.

Both parties appealed the trial court's order to this court. On January 22, 1985, this court issued an opinion affirming the trial court's decision to grant custody of Nancy to respondent and reversing its decision with respect to custody of Daniel. *Johnson v. Lundell*, 361 N.W.2d 125 (Minn.Ct.App.1985). This court determined that the record supported a conclusion that there had been a breakdown in the relationship between appellant's present husband and Daniel because of the husband's abusive language, inappropriate physical punishment and denigration of respondent. *Id.* at 128. This court further determined that the problems with appellant's present husband combined with Daniel's separation from his sister compelled the conclusion that Daniel's environment endangered his emotional health. *Id.* We further held that the trial court did not give appropriate weight to certain factors when it weighed the harm likely to be caused by a change in Daniel's environment against the advan-

tage of such a change. *Id.* The decision granted custody of Daniel to respondent.

The events following the issuance of this court's opinion in *Johnson v. Lundell* are many and complex. Appellant did not seek further review of our decision and she did not relinquish custody of Daniel to respondent in compliance with the opinion. Instead, in March 1985, she brought a motion in the trial court to modify the custody provisions of the amended decree, arguing that there had been a change in circumstances and new evidence indicated that changing custody back to appellant was in Daniel's best interest.

In support of her motion, appellant asserted that Daniel preferred to live with her and that Daniel's previous statements to the contrary were the result of Nancy's and respondent's coercion. She claimed that Daniel's relationship with her present husband had improved and that Daniel had adjusted to living in Texas. She further asserted that Daniel should remain under the care of local doctors because he had a kidney removed in April 1984 and suffered a leg injury in January 1985. She submitted two letters from local doctors supporting her assertion. She did not believe that respondent could provide Daniel with the necessary medical care because of his poor financial situation. She also expressed concern that working on respondent's farm would be detrimental to Daniel's health.

Appellant further stated that Daniel and his sister had been separated for sixteen months and their relationship had deteriorated. In addition, she believed Nancy would be moving away from respondent's home when she became eighteen within the coming year. Appellant also claimed that respondent had inappropriately burdened Daniel with maintaining their father/son relationship pending the resolution of the custody dispute.

Daniel submitted an affidavit to the court in which he expressed his desire to stay with his mother and her present husband. The record contained letters from the principal of Daniel's school and from a

psychologist who evaluated Daniel. Both letters recommended that Daniel remain in Texas.

On March 22, 1985, the trial court issued an order denying appellant's motion on the basis that she "made an insufficient showing that she is entitled to relief under [Minn.Stat.] § 518.18." The trial court ordered appellant to send Daniel to Minnesota.

Appellant sought a writ of prohibition from this court to prevent enforcement of the March 22 order and require an evidentiary hearing on the custody issue. This court denied her petition, and appellant did not seek further review of that denial. Still appellant did not return Daniel to his father's custody.

Respondent then petitioned for a writ of habeas corpus in Texas to compel appellant to return Daniel to Minnesota. Appellant also filed an action in Texas seeking a custody modification and a temporary injunction prohibiting respondent from having access to Daniel. On April 30, 1985, the Texas trial court denied respondent's writ and granted appellant's petition for a temporary injunction. Respondent appealed to the Texas Court of Appeals.

In July 1985, before the Texas Court of Appeals ruled on respondent's appeal, appellant made yet another motion in Minnesota to modify the custody of Daniel. The only new evidence submitted was evidence that Nancy had been absent from school several days during the 1984–85 school year. At a hearing that had been held in Texas, Nancy had testified that she missed fifteen days of the first quarter of school because respondent had knee surgery and she stayed home to help on the farm. She also testified that she missed eleven days the second quarter as a result of an accident with a combine and she

missed about three days the third quarter. Appellant asserted that respondent had failed to supervise Nancy's school attendance and that this raised concerns about Daniel because he has not done well in school.

On August 1, 1985, the Minnesota trial court found that Minnesota courts have continuing jurisdiction over the issue of Daniel's custody and it issued an order denying appellant's motion for a custody modification. The trial court determined that appellant had failed to show that Daniel's physical or mental health would be endangered by respondent's custody. The trial court found appellant in contempt and directed that she could purge the contempt if she returned Daniel to Minnesota before August 15, 1985. Otherwise, she was to appear for sentencing that day. The trial court ordered appellant to pay travel expenses of $559 to respondent and attorney's fees of $1,000 to Southern Minnesota Regional Legal Services.

On August 28, 1985, appellant filed this appeal and a petition for a writ of prohibition seeking prevention of enforcement of the August 1 order. This court denied the writ.

After this appeal was filed, the Texas Court of Appeals issued an opinion reversing the Texas trial court's denial of respondent's petition.[1] Daniel was sent to Minnesota in October 1985 and is currently living with respondent.

## ISSUES

1. Did the trial court abuse its discretion in denying appellant's motion for custody modification without holding an evidentiary hearing?

2. Did the trial court abuse its discretion in awarding travel costs and attorney's

---

1. *See Lundell v. Clawson*, 697 S.W.2d 836 (Tex. Civ.App.1985). The Texas Court of Appeals held that respondent was automatically entitled to enforcement of Minnesota court orders. *Id.* at 841. The Texas Court of Appeals further held that Minnesota courts had not lost or declined jurisdiction of the custody issue as a result of the Minnesota court order that allowed appel-

lant to remove the children to Texas. *Id.* at 839–40. The Texas Court of Appeals held, however, that appellant had not yet been given an opportunity to offer evidence other than the order permitting removal to support her allegation that Minnesota courts had lost jurisdiction of the case. *Id.* at 841. There is no evidence in the record of further Texas court proceedings.

fees to respondent and respondent's attorney?

3. Is respondent entitled to attorney's fees on appeal?

## ANALYSIS

### I.

 Appellant contends that she is entitled to an evidentiary hearing on her motion for custody modification.[2] We disagree.

Our review of the trial court's ruling is limited to whether the trial court abused its discretion by making findings unsupported by the evidence or improperly applying the law. *Pikula v. Pikula,* 374 N.W.2d 705, 710 (Minn.1985).

 Minn.Stat. § 518.18 (1984) governs modification of custody orders. In order to modify custody within two years after a prior modification motion, a court must find "that there is persistent and willful denial or interference with visitation, or [have] reason to believe that the child's present environment may endanger his physical or emotional health or impair his emotional development." Minn.Stat. § 518.18(c) (1984). Section 518.18 further provides that:

(d) If the court has jurisdiction to determine child custody matters, the court shall not modify a prior custody order unless it finds, upon the basis of facts that have arisen since the prior order or that were unknown to the court at the time of the prior order, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child. In applying these

standards the court shall retain the custodian established by the prior order unless:

\* \* \* \* \* \*

(iii) The child's present environment endangers his physical or emotional health or impairs his emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child.

Minn.Stat. § 518.18(d) (1984). The reference in section 518.18 to "present environment" refers to the judicially approved environment. *Taflin v. Taflin,* 366 N.W.2d 315, 320–21 (Minn.Ct.App.1985). If the affidavits accompanying a motion for custody modification do not allege sufficient facts to allow a court to reach the findings required by section 518.18, the trial court should deny the motion and no evidentiary hearing is needed. *See Englund v. Englund,* 352 N.W.2d 800, 802 (Minn.Ct.App. 1984) (citing *Nice-Petersen v. Nice-Petersen,* 310 N.W.2d 471, 472 (Minn.1981)). In this case, in order to avoid the two-year limitation in section 518.18(b), appellant has to allege facts that indicate Daniel is endangered by respondent's custody. *See* Minn.Stat. § 518.18(c).

Appellant argues that the trial court failed to evaluate her allegations to determine whether, if true, they established the criteria necessary for a change in custody. The facts relevant to this modification motion are those·which have arisen since the evidentiary hearing in January 1984.

None of appellant's allegations made in March or July 1985, even if true, establish that Daniel is endangered by respondent's custody. In addition, the allegations fail to show that an adverse change in Daniel's

---

**2.** In her brief, appellant also implicitly argues that this court erred in its first *Johnson v. Lundell* opinion. The Minnesota Supreme Court was the proper forum for this argument. Appellant did not, however, petition the Supreme Court for review of *Johnson v. Lundell.* We cannot review that decision now in this court.

Johnson also states in her brief that she seeks reversal of the trial court's contempt finding. In its order, the trial court found that Johnson was in contempt and set a sentencing hearing

for August 15, 1985. The court permitted Johnson to purge herself of the contempt by sending Daniel to Minnesota prior to that date. There is no further record of any contempt proceedings. The contempt order is not an appealable order. *See Tell v. Tell,* 383 N.W.2d 678, 684–85 (Minn. 1986); *Becker v. Becker,* 300 Minn. 512, 513, 217 N.W.2d 849, 850 (1974). Therefore, we do not address Johnson's challenge to the trial court's order finding her in contempt.

circumstances has occurred that would justify a custody modification. We note also that the change of circumstances alleged by appellant could be attributed to appellant's own failure to comply with this court's decision in *Johnson v. Lundell.* While courts must always seek to serve the best interests of minor children, we question whether a parent should be permitted to use her own non-compliance with a court decision in order to establish a requisite change of circumstances.

We recognize that Daniel may now express a wish to live with his mother in Texas. Daniel's custodial preference, however, is only one factor among many that a court uses to assess the best interests of a child. *See* Minn.Stat. § 518.17, subd. 1 (1984). The trial court did not abuse its discretion in refusing to follow this change in preference alone without considering the other relevant factors. Although it is important to consider the wishes of a child of suitable age, it is seldom in a child's best interest to place upon him or her the entire burden of such a difficult decision as custody.

We recognize that Daniel may need continuing and future medical care. However, there is no evidence indicating that proper medical treatment would not be available to him in Minnesota. The trial court's March 22 order specifically directed appellant to provide respondent with any necessary medical records. Appellant's concerns about potential farm accidents, Nancy's future plans, and Daniel's school attendance do not evidence any current danger to Daniel so as to require an evidentiary hearing. Further, Daniel's relationship with respondent and Nancy understandably has been strained because of his distance from them. It appears that their relationships have not been allowed to grow due in large part to appellant's failure to relinquish custody to respondent. Again, facts arising from appellant's failure to comply with Minnesota court orders cannot be used to satisfy the section 518.18 threshold.

Finally, we emphasize that the importance of stability in a child's environment is embedded in our child custody statutory scheme. *Pikula,* 374 N.W.2d at 711. Unfortunately, any stability in Daniel's environment that would have followed the issuance of this court's opinion in 1985 has been delayed too long.

## II.

■ Appellant challenges the trial court's award of travel expenses and attorney's fees. The trial court awarded respondent $559 for the travel expenses he incurred going to Texas in attempts to retain custody of Daniel. The trial court also awarded attorney's fees of $1,000 to Southern Minnesota Regional Legal Services pursuant to Minn.Stat. § 518.14 (1984) and Minn.Stat. § 549.21 (1984).

Section 518.14 allows a court to require one party to pay the other party's attorney's fees as well as a reasonable amount necessary to enable the other party to contest a proceeding. Section 549.21 authorizes an award of attorney's fees where the unsuccessful party acted in bad faith by asserting claims or defenses known to be frivolous or asserting an unfounded position solely to harass or to delay the proceedings. An award of attorney's fees under either section 518.14 or section 549.21 will not be reversed absent an abuse of discretion. *See Solon v. Solon,* 255 N.W.2d 395, 397 (Minn.1977); *Blattner v. Forster,* 322 N.W.2d 319, 321 (Minn.1982). The trial court's assessment of travel expenses and attorney's fees against appellant was not an abuse of discretion.

## III.

■ Respondent requests an award of attorney's fees for this appeal.

Respondent's request for fees under section 549.21 is not timely. Respondent first requested fees for his appeal in his brief. Minn.Stat. § 549.21 (1984) requires a party to give "timely notice of intent to claim an award." In *Timm v. State Bank of Young America,* 374 N.W.2d 588, 590 (Minn.Ct. App.1985), this court held that the respondent's request in its brief for fees on ap-

peal pursuant to section 549.21 did not constitute timely notice.

We do, however, under the facts of this case, award respondent $400 attorney's fees on appeal pursuant to section 518.14.

### DECISION

The trial court did not abuse its discretion in denying appellant's motion for a custody modification without holding an evidentiary hearing. Nor did the trial court abuse its discretion in awarding travel costs and attorney's fees. We award respondent attorney's fees of $400 on appeal.

Affirmed.