**In re the Marriage of John Gregory BARR, Respondent,**

v.

**Candice M. BARR, Appellant.**

No. C2–87–1139.

Court of Appeals of Minnesota.

Dec. 8, 1987.

Kevin L. Callahan, Paige J. Donnelly, St. Paul, for respondent.

Louis J. McCoy, West St. Paul, for appellant.

Heard, considered and decided by FORSBERG, P.J., and LANSING and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

This is an appeal of an order and judgment awarding the respondent attorney fees, declaring a judgment against the respondent satisfied, and denying the appellant's requests for continued court supervision and an evidentiary hearing on custody modification. We affirm.

## FACTS

The marriage of appellant Candice (Barr) Sina and respondent John Barr was dissolved in January 1983. The parties were awarded joint legal custody of their two minor children; Candice received physical custody.

The family court referee conducted a two-day evidentiary hearing in May 1985 on custody and visitation issues and found that Candice's relationship with her fiance and her sudden involvement with an unconventional religion different from that of her children "created a clear and substantial change of circumstances" which adversely affected the children "emotionally, attitudinally and scholastically." The referee concluded "[t]he children's environment with [Candice] endangers their emotional health and development," and that the children's best interests would be served by awarding physical custody to John. The referee ordered the county's court services department to supervise visitation for one year and coordinate counseling for the parties and their children. The referee also concluded Candice was entitled to a $3,559 judgment against John for unpaid child support but stayed execution of the judgment on the condition John make specified monthly payments.

Candice moved the court for an order vacating the stay of execution of the $3,559 judgment on the grounds that John failed to make specified payments. The referee amended the order by giving John additional time to make the required payment but also gave Candice the right to request an ex parte order vacating the stay of execution "if payments are not made by [John] to [Candice] within 30–days." The referee's August 7, 1985, order was affirmed by the district court judge.

Candice subsequently submitted an affidavit to the court stating that John failed to make the required monthly payments in October and November. On November 21, 1985, the referee vacated the stay of execution of the $3,559 judgment, thereby allowing Candice to execute the judgment against John "in any manner prescribed by law." Candice obtained a judgment for $3,559 against John on December 2, 1985, instituted garnishment procedures against John's employer, and later moved to have the employer held in contempt of court for failing to disclose and withhold John's wages. On December 26, 1986, the court concluded the evidence showed John actually had made the payments and that Candice had received those payments at the time her affidavits were notarized.

> The Court further finds that Respondent misled the Court in obtaining the Ex-parte Order of November 21, 1985 which vacated the stay of execution of judgment, and the Court concludes that said Ex-parte Order of November 21, 1985 should be vacated.

The referee also found that Candice's judgment against John in the sum of $3,559 "is fully satisfied and extinguished."

The referee further found that Candice "failed to make [a] credible showing of persistent and willful denial of visitation" and that she "failed to make even a prima facie showing for a change of custody of the two minor children" as required under Minn.Stat. § 518.18(c). Accordingly, the referee stated:

> The absence of merit in Respondent's motions for contempt and change of custody lead the Court to conclude that Petitioner should be awarded reasonable attorney fees of $350 in defense against Respondent's motions.

The court denied Candice's motion requesting continued visitation supervision by court services.

> Court Services has been extensively involved in previous visitation problems between the parties, without noticeable success. The Court notes that the parties

have been uncommonly and excessively litigious since their marriage was dissolved. The facts and history of the parties show an ongoing lack of cooperation, with bickering and quarreling. The Court concludes that further involvement by Court Services with the parties would not be effective.

Candice filed a motion requesting review of the referee's December 26 order. Candice contended the referee erred by failing to conclude John was delinquent with his payments and asserted she did not mislead the court in obtaining the ex parte order in November 1985. Candice claimed she obtained a valid judgment against John and therefore was entitled to interest on the money judgment. She also contended the referee erred by awarding attorney fees to John and objected to the court's conclusion that she failed to present evidence sufficient to justify an evidentiary hearing on visitation and custody issues.

The district court "confirmed and adopted" the referee's December 1986 order. Candice appeals from that judgment.

### ISSUES

1. Did the court err by denying the appellant's motion for an evidentiary hearing on custody modification?

2. Did the court abuse its discretion by denying the appellant's request for court supervision?

3. Did the court err by concluding the August 1985 judgment against the respondent was satisfied?

4. Did the court err by awarding the respondent attorney fees?

### ANALYSIS

*1. Denial of Evidentiary Hearing*

Motions to modify child custody may be made at any time

if the court finds that there is persistent and willful denial or interference with visitation, or has reason to believe that the child's present environment may endanger the child's physical or emotional

health or impair the child's emotional development.

Minn.Stat. § 518.18(c) (1986). Candice submitted an affidavit in support of her motion for custody modification alleging that John refused or interfered with her visitation rights and did not properly supervise or provide for the children. John disputed Candice's claims. Trial courts have broad discretion in determining child custody matters "and will not be reversed absent a clear showing of an abuse of that discretion." *Englund v. Englund*, 352 N.W.2d 800, 802 (Minn.Ct.App.1984).

A review of the record indicates that the referee did not err by concluding Candice failed to make a credible showing of "persistent and willful denial or interference with visitation," or that the children's present environment endangers their physical or emotional health. *See* Minn.Stat. § 518.18(c). The record does not indicate that the children are endangered by the antagonistic relationship between the parties any more so than they have been since their parents' marriage was dissolved in January 1983, or in August 1985 when the family court concluded John should have physical custody of the children rather than Candice. The record indicates Candice did not meet her burden of establishing as a preliminary matter that a significant change has occurred and that the children's well being is endangered by that change. Consequently, we cannot conclude the court abused its discretion by denying Candice's motion for an evidentiary hearing on the custody issue. *See Nice-Petersen v. Nice-Petersen*, 310 N.W.2d 471, 472 (Minn. 1981); *Englund*, 352 N.W.2d at 802.

*2. Denial of Court Supervision*

Candice argues that the district court abused its discretion by denying her request for continued court supervision over visitation because she alleges the children's physical or emotional health is likely to be endangered. While the court has the authority to order the department of court services to supervise visitation, the court's exercise of that authority is permissive rather than mandatory. *See* Minn.Stat.

§ 518.176, subd. 2 (the court "may" order continuing supervision); *see also* Minn. Stat. § 645.44, subds. 15, 16 (1986) ("may" is permissive; "shall" is mandatory). The record suggests the parties have not cooperated fully with court services in the past. Under the circumstances, the court reasonably could conclude it would be fruitless to expend limited public resources when past experience indicates prior involvement by court services had little or no beneficial effect.

### 3. Satisfaction of the 1985 Judgment

Although the August 7, 1985, order amending the decree awarded Candice a "judgment" for $3,559 against John and stated the "judgment may be entered forthwith," judgment was not actually entered. The district court amended the August 1985 order in October 1985 allowing John additional time to make the payments. In November 1985, Candice submitted an affidavit which stated that John did not make the required October and November payments and requested an ex parte order vacating the stay of execution of judgment. In reliance on those affidavits, the court issued an ex parte order which allowed Candice to "execute the judgment against [John] in the amount of $3,559.00 in any manner prescribed by law." Candice subsequently obtained a $3,559 judgment against John which was entered on December 2, 1985. John later produced evidence to the court showing he had made the required payments.

■ Candice is not entitled to interest on the $3,559 "judgment" because no valid judgment has been entered. The December 2, 1985, judgment is not valid because the ex parte order allowing entry of that judgment was vacated on December 26, 1986, when the court determined Candice improperly induced the court to issue the ex parte order.

■ Candice initiated garnishment proceedings against John and collected unpaid installments by garnishment in September and October 1986. The statutes authorizing execution of judgments and garnishment require a valid judgment as a condition of execution or garnishment by the judgment creditor. *See* Minn.Stat. §§ 550.-01, 571.41 (1986). Since the execution and garnishment were based on an invalid judgment, the sheriff's fees paid by Candice to execute on the judgment and obtain funds by garnishment should not be assessed against John. The court did not err by declaring the August 1985 "judgment" satisfied. The record shows John paid the entire $3,559 amount.

### 4. Attorney Fees

The referee awarded John $350 for attorney fees because Candice's motions for contempt and change of custody had no merit. Candice asserts that since the referee's stated reason for awarding fees was the absence of merit rather than "bad faith," the court could award attorney fees only under chapter 518 which allows awards for attorney fees "after considering the financial resources of both parties." *See* Minn.Stat. § 518.14 (1986).

■ A trial court has discretionary authority to award attorney fees in dissolution cases for reasons other than the parties' disparate financial positions. *See, e.g.,* *Quade v. Quade,* 367 N.W.2d 87, 90 (Minn. Ct.App.1985), *pet. for rev. denied* (Minn. July 11, 1985) (attorney fees were awarded in part because of the appellant's dilatory tactics, attempts to hide assets, and noncooperation with the court and counsel); *Kramer v. Kramer,* 372 N.W.2d 364, 366–67 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Oct. 11, 1985) (attorney fees were awarded in part because the appellant was uncooperative in responding to discovery requests and court orders). The courts also have statutory authority to award attorney fees for frivolous conduct. *See* Minn.Stat. § 549.21, subd. 2 (1986). Awards of attorney fees will be disturbed on appeal only if the trial court abused its discretion. *See Blattner v. Forster,* 322 N.W.2d 319, 321 (Minn.1982); *Kramer,* 372 N.W.2d at 367.

■ In "bad faith" litigation, the trial court need not cite the exact wording of the statute in its findings before it may

**194**

assess attorney fees against a party. *See Strand v. Nelson,* 380 N.W.2d 906, 910 (Minn.Ct.App.1986). Under the circumstances, the referee was in the best position to judge the credibility of Candice's motions and the evidence in the record supports the court's decision to assess attorney fees.

### DECISION

The district court did not err by failing to conduct an evidentiary hearing on the appellant's motion for custody modification because the appellant failed to present sufficient evidence of visitation interference or changed circumstances which rendered the children's current environment dangerous to their physical or emotional well-being. The district court did not abuse its discretion by declining to order continued court supervision over visitation. The court did not err by declining to award interest or by declaring the judgment satisfied. The district court did not abuse its discretion by awarding the respondent attorney fees.

Affirmed.