In re the Matter of Barbro K.
ROEHRDANZ, petitioner,
Respondent,

v.

George M. ROEHRDANZ, Appellant.

No. C4–88–2626.

Court of Appeals of Minnesota.

April 25, 1989.

Review Denied June 21, 1989.

See also, 410 N.W.2d 359.

Alan C. Eidsness, Karen S. Johnston, Henson & Efron, P.A., Minneapolis, for appellant.

William J. Mavity, James G. Ryan, Mavity & Ryan, Minneapolis, for respondent.

Considered and decided by SCHUMACHER, P.J., and PARKER and LANSING, JJ., without oral argument.

## OPINION

PARKER, Judge.

George Roehrdanz appeals the denial of his motion for modification of custody. The trial court found that appellant failed to meet the threshhold requirements of Minn.Stat. § 518.18(c) (1986) and denied the motion without an evidentiary hearing. Barbro Roehrdanz requests attorney fees for defending this appeal.

## FACTS

This custody dispute has a long and complex litigation history. George and Barbro Roehrdanz were married in 1964. They have one adult child and three minor children, ages 15, 13 and 9. The parties separated in 1984, at which time George was granted temporary custody of the minor children. This award was based in part on George's allegation that Barbro had been assessed as suffering from chronic alcoholism, an allegation which was later shown to be without evidentiary basis. Pursuant to the temporary order, George and the children remained in the large family home which served as George's law office. The temporary order also provided that George would pay Barbro maintenance and attorney fees.

Between the temporary order in 1984 and the actual filing of the dissolution decree on October 6, 1986, George refused to pay the ordered maintenance and attorney fees. Although he is an attorney licensed to practice in this state, George has been found in contempt of court on three occasions for failure to pay sums he owed to Barbro.

The Roehrdanz marriage was dissolved and the marital property divided on October 6, 1986. The court granted Barbro Roehrdanz sole legal and physical custody of the minor children and ordered George to pay $1,400 per month child support and $500 per month permanent maintenance. The custody determination was based on findings that Barbro Roehrdanz had been the primary parent during the marriage and that she had been the more cooperative parent when services for the children were suggested. The court found that George, on the other hand, had resisted any counseling suggested by professionals and placed an inordinate amount of stress on the children to excel. The court also ordered George to pay $20,000 in attorney fees. It found that the number of hearings required to enforce court orders and George's failure to cooperate with discovery justified the large award.

Due to financial constraints and an inability to afford a home large enough for herself and the three children, Barbro was unable to take custody of the children immediately after the order was filed. In May 1987 she assumed custody of the youngest child, but the older children did not move in with her until December. They resisted the move because they wanted to stay in the family home and their father had told them they did not have to move.

George Roehrdanz unsuccessfully appealed the dissolution and custody order all the way to the Minnesota Supreme Court. Two months after this court affirmed the trial court decision and while his case was pending before the Minnesota Supreme Court, George moved for modification of custody. The district court denied the motion on December 18, 1987, finding the

motion premature because Barbro still did not have custody of the two older children. The court also found that George had a "powerful weapon" to influence the children's custodial preference in that he allegedly refused to continue to pay their tuition at private school if they lived with their mother. The court ordered George to assist in the implementation of the original custody provision. The children finally moved into their mother's home in late December 1987.

In the early months of 1988 George brought another unsuccessful motion to change his support and maintenance obligations. The trial court found that he did not prove a substantial change of circumstances warranting modification.

In October 1988 George again moved to modify the custody order. At that point, the older children had been living with their mother for ten months. Each time George has contested the custody order, he has submitted sets of affidavits from the two older children and from a psychologist who has seen the children a few times. The statements remained substantively the same in the three affidavits, but the tenor became more insistent. The children stated that they wanted to live with their father and that they believed it would be best if their younger brother lived with them also. By the time of the third set of affidavits, the children stated that the situation with their mother was causing them "emotional harm" and that they should be able to relate their feelings to the court. The psychologist stated that the children told him that they wanted to live with their father, that they were capable of making reasonable and mature decisions, and that to force them to live with their mother against their wishes could endanger their emotional health. The psychologist also stated that he believed that siblings of this age should not be separated.

Barbro Roehrdanz submitted an affidavit in opposition to the last motion to modify custody. She stated, "my policy throughout this proceeding has been not to use the children to oppose these numerous attacks on me." The affidavit discussed the financial and emotional toll caused by the continuous litigation. As of November 1988, Barbro Roehrdanz owed her attorneys more than $25,000.

In an order filed November 23, 1988, the trial court denied George's modification motion without an evidentiary hearing and ordered him to pay Barbro $1,500 in attorney fees. The order stressed that the litigation in this case must end. The court found:

13. Respondent has been litigating steadily in this matter since 1984. He used his control of the marital estate to keep petitioner impoverished until Fall 1986. Since Fall 1987 respondent has twice brought motions to modify his support obligation and to change custody.

14. Respondent continues to keep the tension level high in the relationships among family members. He undermines petitioner's custodial authority by selecting schools and summer camps for the kids and telling them they can live where they want to. * * *

The court further found that George failed to meet the threshhold under Minn.Stat. § 518.18(c) (1986), which requires that the children's physical or emotional health be endangered by the current custody situation.

## ISSUES

1. Did the trial court abuse its discretion in denying appellant's motion for modification of custody without an evidentiary hearing?

2. Is respondent entitled to attorney fees on appeal?

## DISCUSSION

### I

The trial court denied George Roehrdanz's motion for an evidentiary hearing on the modification issue. It found that the affidavits George submitted with his motion were insufficient to prove a change of circumstances which endangers the children's emotional health. George claims this decision was an abuse of discretion.

A trial court has broad discretion in matters of child custody and will not be reversed absent a clear showing of an abuse of that discretion. *Englund v. Englund,* 352 N.W.2d 800, 802 (Minn.Ct.App.1984). Minn.Stat. § 518.18 (1986) provides that a motion for modification of custody may not be filed within two years after disposition of a prior motion for modification on its merits. A court may not prohibit a motion to modify, however, if it "has reason to believe that the child's present environment may endanger the physical or emotional health or impair the child's emotional development." Minn.Stat. § 518.18(b) & (c) (1986).

■ To warrant modification of custody under this section, the party seeking modification must first establish:

(1) that a change has occurred in the circumstances of the child or his custodian, *and* (2) that the modification of custody is necessary to serve the best interests of the child.

*State ex. rel. Gunderson v. Preuss,* 336 N.W.2d 546, 548 (Minn.1983) (emphasis added). Even if both findings have been made, the court still must retain the custodian established by the prior order *unless* the child's present environment endangers the child's physical or emotional health or emotional development *and* the advantage of a change outweighs the harm likely to be caused by the change. *Id.* (citing Minn. Stat. § 518.18(d)(iii)). The change of circumstances must be a real change and not a continuation of ongoing problems. *Barr v. Barr,* 416 N.W.2d 189, 192 (Minn.Ct.App. 1987).

■ To obtain an evidentiary hearing on a modification motion, the moving party must establish, on a preliminary basis, facts sufficient to show a *significant* change of circumstances occurring *since* the time of the last custody order. *Nice-Petersen v. Nice–Petersen,* 310 N.W.2d 471, 472 (Minn.1981). If the affidavits do not establish a change of circumstances and endangerment sufficient to warrant modification, a court need not grant an evidentiary hearing. *Lundell v. Lundell,* 387 N.W.2d 654, 657 (Minn.Ct.App.1986);

*Taflin v. Taflin,* 366 N.W.2d 315, 320 (Minn.Ct.App.1985).

■ The trial court order denying an evidentiary hearing is entirely correct. George Roehrdanz has not shown a sufficient change of circumstances *since* the disposition of the last modification motion in December 1987. George argues that the children's change of residence to their mother's home fulfills the required showing of changed circumstances.

To accept the circularity of this reasoning would be to defeat the statute. The trial court ordered the children to comply with the custody order and move into their mother's home. It established a set of circumstances which, if changed by unforeseen events or actions, might have warranted a motion for modification. However, to attempt to advance the court's modification order itself as a change of circumstances is illogical and would read the requirement for a meaningful change right out of the statute.

■ Furthermore, the other evidence George presented in the third of three sets of affidavits is insufficient to meet even the threshhold level of change required for a hearing. The children's preferences have not changed. The first set of affidavits presented in 1987 stated the same preference. In fact, the affidavits primarily reflect changes in phrasing to incorporate the statutory wording. For example, one child states that the situation with his mother "is causing me emotional harm." The psychologist's affidavit also lacks the requisite indicators of changed circumstances. We agree with the trial court, which found that the psychologist's affidavit essentially says only that it is not good for children to live where they do not want to live and that such a statement is not sufficient evidence of a change endangering the children's welfare.

Finally, a parent's failure to comply with court orders cannot be used to establish the requisite change of circumstances under Minn.Stat. § 518.18. *See Lundell v. Lundell,* 387 N.W.2d 654, 658 (Minn.Ct.App. 1986). The trial court twice has made spe-

cific findings concerning George's interference with Barbro's custody. George was instrumental in the children's reluctance to move into their mother's home upon the original custody determination when he assured them that they did not have to live where they did not want to live. Furthermore, the children's affidavits sadly reflect their attorney father's manipulation over the course of this litigation. Not only do they contain statutory language not consistent with most teenagers' vocabularies, but they indicate that the children have felt they must choose between their father's affluence, which includes the large family home where they grew up, and their mother's relative poverty caused in large part by their father's behavior.

 Even if this court were to find that George has established a sufficient change of circumstances, we would also have to find that the change of circumstances endangers the children's physical or emotional health or development. *Nice–Petersen*, 310 N.W.2d at 472. George's evidence of endangerment appears specious. The children have lived with their mother for little more than a year. Nothing has changed during that time. There is no evidence of abuse or of problems in school or with peers that might be attributable to the living situation. There is evidence only of teenagers having conflicts with their mother. All the psychologist really indicated in his affidavit is that it is not good for children to have their preferences overruled. The custodial preference of a child should be given weight to the extent that it might bear on the child's emotional well-being when the court is convinced that it is not the product of manipulation by the non-custodial parent. *Edsten v. Edsten*, 407 N.W.2d 102, 104 (Minn.Ct.App.1987). Custodial preference, however, is but one factor among many that a court uses to assess the best interests of a child. *Lundell*, 387 N.W.2d at 658. We do not believe that the children's custodial preference in this case, so clearly influenced by their father's manipulation, is determinative of their best interests.

The psychologist's affidavit and those of the two older children are insufficient to establish that the current living situation endangers either child's emotional health or development. Therefore, we affirm the trial court order denying George Roehrdanz's motion for modification without an evidentiary hearing.

## II

 Barbro Roehrdanz is deeply in debt to her attorneys as a result of the "economic warfare" her ex-husband has waged since their separation. This appeal alone cost her $4,000, a figure that is supported by the record. She requests this court to award her attorney fees on appeal under both Minn.Stat. § 518.14 (1988) and Minn. Stat. § 549.21 (1988).

Courts may award reasonable attorney fees in dissolution cases. Minn.Stat. § 518.14 (1988); *see also Novak v. Novak*, 406 N.W.2d 64, 69 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. July 22, 1987) (attorney fees awarded on appeal). The court must consider the financial resources of both parties and award reasonable fees if one party will otherwise be unable to contest the proceeding. Minn.Stat. § 518.14. Minn.Stat. § 549.21 (1988) provides for assessment of reasonable attorney fees against a party who

> acted in bad faith; asserted a claim or defense that is frivolous and that is costly to the other party; asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass; or committed a fraud upon the court.

George Roehrdanz's assertion that the most recent court order transferring custody of the children to their mother constitutes a change of circumstances sufficient for purposes of the first threshhold test of Minn.Stat. § 518.18(b) & (c) (1986) is so specious as to force the conclusion that so unfounded a position could be advanced *only* to harass.

When we are faced with a record such as this, to fail to award attorney fees on appeal or to award any sum less than the full amount incurred in defending the appeal

would be to reward George Roehrdanz for his behavior and to encourage him to continue it. Unless we require him to pay all of Barbro Roehrdanz's costs on appeal, he will have succeeded in putting her even further in debt and in intimidating her from protecting her rights. We cannot allow George Roehrdanz to succeed in such misuse of process. The cure, if there is any available, is to award Barbro full attorney fees. Therefore, we grant her request for $4,000 in attorney fees on appeal.

## DECISION

The trial court's denial of appellant's motion for modification of custody is affirmed. Respondent is granted $4,000 in attorney fees on appeal.

Affirmed.