*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1326**

In re the Marriage of: Melissa Jo Butler, petitioner,
Respondent,

vs.

Vance Aaron Butler,
Appellant.

**Filed May 4, 2015
Affirmed
Reyes, Judge**

Roseau County District Court
File No. 68FA121109

Michelle E. Moren, Kristy Kjos, Law Offices of Patrick D. Moren, Roseau, Minnesota (for respondent)

Alan B. Fish, Dennis H. Ingold, Alan B. Fish, P.A., Roseau, Minnesota (for appellant)

Considered and decided by Bjorkman, Presiding Judge; Hudson, Judge; and Reyes, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REYES**, Judge

In this child-custody dispute, appellant challenges a district court's denial of his motion for a change of custody without an evidentiary hearing, arguing that the district

court erred by finding that he failed to allege facts to make a prima facie showing of endangerment under Minn. Stat. § 518.18(c) (2014). We affirm.

## FACTS

Appellant Vance Aaron Butler and respondent Melissa Jo Butler ended their marriage of 18 years and entered into a dissolution decree. In October of 2013, respondent was awarded sole physical and legal custody of the parties' four minor children pursuant to the parties' dissolution decree. Less than one year after the entry of the decree, appellant filed a motion requesting a change of custody for R.B., the parties' 15-year-old son. Appellant sought an award of sole physical custody of R.B., a "*Nice v. Peterson* evidentiary hearing,"[1] and an order modifying parenting time to establish appellant's home as the "primary household" of R.B.

Appellant submitted four affidavits in support of his motion: one from himself, one from R.B., and one from each of R.B.'s paternal grandparents. Appellant's affidavit alleged that on a "regular basis" he would find R.B. at his home outside of their scheduled parenting time. Appellant alleged that the "ongoing stress" caused by respondent endangered R.B.'s emotional and mental stability. Appellant also alleged that R.B.'s onset of depression was caused by the rules and "amount of enormous responsibility" that R.B. has at respondent's home.

---

[1] This is a proceeding that takes its name from *Nice-Peterson v. Nice-Peterson*, 310 N.W.2d 471 (Minn. 1981), which requires a district court to hold an evidentiary hearing once the party seeking substantial modification of parenting time establishes a prima facie case for modification.

2

Appellant's affidavit also alleged that, on one occasion, R.B. rode the bus to his grandparent's home after school instead of to respondent's home and that respondent involved the children in parenting-time disputes. Appellant urged the district court to review the January 14 recommendation of the parenting-time expeditor (PTE) where, according to appellant, the PTE "acknowledged a substantial stress with the parenting schedule" and how it affected R.B.[2] Appellant alleged that respondent failed to enroll R.B. in counseling as recommended by the PTE, causing further endangerment to R.B.'s mental well-being.[3]

R.B.'s affidavit stated that, when he is at respondent's home, he is forced to watch his younger siblings and stay inside the home and that he is overweight as a result. R.B. reported that the stress caused him constant headaches, making it hard for him to concentrate, and he was starting to experience anxiety.

R.B.'s grandfather stated that R.B. seems happier when he is with appellant and that R.B. "resents being an automatic babysitter" at respondent's home. R.B.'s grandfather also stated that he believes someone has made a negative impression on R.B. about his self-image because of R.B.'s occasional remarks about his weight. R.B.'s grandmother's affidavit alleges that she witnessed respondent and R.B.'s siblings ridicule R.B. about his weight.

---

[2] This is a misstatement of the PTE's statement in her recommendation. The PTE made no such statement. In the recommendation, the PTE merely recited appellant's concerns, and did not opine as to whether R.B. was suffering from substantial stress.
[3] While appellant alleged that respondent refused to enroll R.B. in counseling, the record reflects that appellant was initially opposed to counseling.

Respondent submitted two opposing affidavits; one from herself and one from her sister. Respondent explained that she had serious concerns about R.B.'s well-being while he is with appellant because she believed appellant manipulated the minor children. Respondent noted the findings of fact in the parties' dissolution decree where the district court found that an award of sole legal and physical custody to respondent was favored "[t]o safeguard the children from conflict driven by [appellant's] personality trait." Respondent denied that R.B. is depressed or exhibits signs of distress when he is with her. Respondent, instead, stated that she believed any depression or distress was caused by appellant and his decision to continue to not follow the district court's order.

Respondent also explained that R.B. babysits his siblings for less than one hour every day after school before she gets home from work. Respondent stated that the siblings have a close bond and that separating R.B. from his siblings would not be in the children's best interests. Respondent explained that the children had been enjoying more indoor activities because of the cold weather. Respondent alleged that appellant and his parents involve the children in parenting-time disputes, and even advise R.B. to make his own decisions with respect to parenting time. Respondent also alleged that appellant planned and encouraged R.B. to go to appellant's home outside of his parenting time and that, on one occasion, appellant removed R.B. from his home so that respondent could not pick up R.B. after his parenting time with appellant was over.

Respondent's sister's affidavit summarily stated that she believed R.B. "has shown an overall improvement in attitude and self-esteem" since the parties' divorce and that

4

she did not observe R.B. to exhibit signs of anxiety or depression when he is with respondent. Appellant filed a subsequent affidavit denying respondent's allegations.

The district court considered the parties' affidavits and the PTE's recommendations and ruled that appellant was not entitled to an evidentiary hearing because he failed to make a prima facie showing that grounds exist to change R.B.'s custody. The district court stated:

> [It] [did] not find a showing of endangerment to satisfy the statutory grounds for an evidentiary hearing on this issue. [Instead it] finds that the parenting time expeditor's decision referred to by the [appellant] in this matter show parental manipulation of the child by the [appellant] and do not support a finding of endangerment.

This appeal follows.

## D E C I S I O N

Appellant challenges the district court's denial, without an evidentiary hearing, of his motion to modify custody of R.B. "A district court is required under section 518.18(d) to conduct an evidentiary hearing only if the party seeking to modify a custody order makes a prima facie case for modification." *Goldman v. Greenwood*, 748 N.W.2d 279, 284 (Minn. 2008).

A review of an order denying a motion to modify custody or restrict parenting time, without an evidentiary hearing, requires this court to review three discrete determinations. "First, we review de novo whether the district court properly treated the allegations in the moving party's affidavits as true, disregarded the contrary allegations in the nonmoving party's affidavits, and considered only the explanatory allegations in the

5

nonmoving party's affidavits." *Boland v. Murtha*, 800 N.W.2d 179, 185 (Minn. App 2011). Second, we review the district court's determination as to the existence of a prima facie case for the modification or restriction for an abuse of discretion. *Id.* Finally, we conduct a de novo review of whether the district court properly determined the need for an evidentiary hearing. *Id.* "Whether a party makes a prima facie case to modify custody is dispositive of whether an evidentiary hearing will occur on the motion." *Szarzynski v. Szarzynski*, 732 N.W.2d 285, 292 (Minn. App. 2007).

**I.     The district court did not abuse its discretion in determining appellant did not make a prima facie case of endangerment.**

Generally, a motion to modify custody may not be made earlier than one year after the entry of a decree containing a provision dealing with custody. Minn. Stat. § 518.18(a) (2014). However, that limitation does not prohibit a motion to modify custody if the district court "has reason to believe that the child's present environment may endanger the child's physical or emotional health." Minn. Stat. § 518.18(c). To be entitled to an evidentiary hearing on the issue of modification under an endangerment-based motion, appellant must establish the following four elements of a prima facie case: (1) a change in the parties' circumstances or those of R.B.; (2) that modification is necessary to serve R.B.'s best interest; (3) that R.B.'s present environment endangers his physical or emotional health; and (4) that the benefits of the modification outweigh the detriments with respect to R.B. *See Goldman*, 748 N.W.2d at 284; Minn. Stat. § 518.18(d) (2014). "A district court . . . has discretion in deciding whether a moving

6

party makes a prima facie case to modify custody." *Szarzynski*, 732 N.W.2d at 292 (citations omitted).

### A.     Change in circumstance

A party seeking modification of a custody order has the burden to allege on a preliminary basis that there has been a significant change of circumstance since the original custody order was issued. *Nice-Peterson*, 310 N.W.2d at 472.  "A child's strong preference to change residence after a custody decree can constitute a change in circumstances." *Geibe v. Geibe*, 571 N.W.2d 774, 778 (Minn. App. 1997).  Even if R.B.'s new stated preference to reside with appellant could be considered a change in circumstance, that alone is insufficient to warrant an evidentiary hearing.  *See Roehrdanz v. Roehrdanz*, 438 N.W.2d 687, 691 (Minn. App. 1989) ("Even if this court were to find that [petitioner] established a sufficient change of circumstance, we would also have to find that the change in circumstances endangers the [child's] physical or emotional health or development.").

In *Ross v. Ross*, we stated that a teenage child's preference should be given great weight in custody determinations.  477 N.W.2d 753, 756 (Minn. App. 1991).  But we did not rely on that factor alone.  There, we reversed the denial of a modification motion and remanded for an evidentiary hearing despite allegations that the child's change in preference was motivated by a desire to reside with a more "lenient" parent.  *Id.* at 757. In doing so, we determined that a prima facie showing of a change in circumstance endangering the child's emotional health and development-was established based on the 17-year-old child's strong preference *and* based on affidavits alleging that (1) the child

7

reported to his psychologist that he was very distressed because of his custodial parent's continuous anger, which affected his behavior in school; (2) the child had physically relocated and moved into the non-custodial parent's home; and (3) the child's poor school performance improved significantly after he relocated. *Id.* at 754. Thus, we concluded an evidentiary hearing was warranted.

While R.B. has expressed a strong preference to live with appellant and has, on at least one occasion, rode the bus to appellant's home outside of the scheduled parenting time, R.B. has not physically relocated to appellant's home. Additionally, the district court properly considered respondent's affidavit in which she explained that appellant and R.B.'s grandparents encouraged R.B. to make those decisions and that appellant had even planned them with R.B. Absent are any allegations that R.B.'s school performance has been affected or that R.B. has met with a psychologist to discuss the issues he is experiencing. Instead, appellant has submitted only conclusory allegations—most of which respondent addressed and explained in her affidavit—that R.B. suffers from distress and anxiety. Here, R.B.'s stated preference alone, without a showing that it is a change in circumstance endangering R.B.'s physical or emotional health, does not require a remand for an evidentiary hearing.

Moreover, "the [district] court may deny a[n] [evidentiary] hearing where it is obvious from the record that a child's stated preference results from manipulation by the moving party." *Geibe*, 571 N.W.2d at 778. A full review of the entire record supports

the district court's determination that there is parental manipulation of R.B. by appellant.[4] Accordingly, we conclude that the district court did not abuse its discretion.

## B.    Best interests

The best interests of the child are determined according to the factors listed in Minn. Stat. § 518.17, subd. 1 (2014). *Abbott v. Abbott*, 481 N.W.2d 864, 867 (Minn. App. 1992). Appellant argues that the affidavits he submitted clearly demonstrate that R.B. suffers from stress, continuous headaches, and anxiety problems; all of which appellant alleges endanger R.B.'s emotional and mental stability. However, as discussed above, respondent's affidavit and the PTE's recommendations explain the circumstances surrounding appellant's allegations. And the district court did not err in considering this information to conclude that these allegations appear to be the result of manipulation by appellant.

Moreover, while appellant places great emphasis on one of the factors, namely R.B.'s mental and physical well-being, section 518.17, subdivision 1(a), clearly states that "[t]he court may not use one factor to the exclusion of all others." Here, the evidence supports the conclusion that by living with respondent, R.B. will continue to have a healthy bond and relationship with his other siblings who reside with respondent.

---

[4] Appellant argues that the district court improperly relied on the PTE's recommendations in its determination. We have held that a district court may consider evidence from sources other than the parties' affidavits in making its determination. *Id.* at 777; *see also Krogstad v. Krogstad*, 388 N.W.2d 376, 383 (Minn. App. 1986) (holding that the district court properly denied a party's motion for an evidentiary hearing where the decision was based, in part, on consideration of the parties' original divorce decree and a court services study). And, in this case, appellant himself urged the district court to review the PTE's recommendation. Therefore, the district court properly considered the PTE's recommendations in its determination.

9

Furthermore, less than a year earlier and following a two-day trial, the district court analyzed the best-interest factors to conclude that it was in the children's best interest to award respondent sole physical and legal custody. Appellant failed to demonstrate that it is not in R.B.'s best interest to continue residing with respondent. As such, the district court did not abuse its discretion.

### C. Endangerment

"Endangerment requires a showing of a significant degree of danger, but the danger may be purely to emotional development." *Geibe*, 571 N.W.2d at 778 (quotation and citation omitted). Appellant's evidence of endangerment is not persuasive. There are no allegations of abuse or that R.B. is experiencing problems with school or with his peers. Instead, the record supports the conclusion that R.B. is having conflicts with his mother, struggles with the parenting-time issues that appellant and R.B.'s grandparents have involved him in, and enjoys spending time at his grandparents' farm where he does not have to babysit his siblings. Appellant has not made a prima facie showing that R.B.'s present environment endangers his emotional or physical well-being.

With respect to allegations by appellant's affiants that R.B. is overweight because he is forced to babysit his siblings, this does not rise to the level of a significant degree of danger sufficient to make a prima facie case of endangerment. Moreover, respondent's affidavit clearly explained that R.B. has been indoors because it is cold outside and that he is only required to babysit his siblings for an hour per day after school. While appellant's affidavit accused respondent of not enrolling R.B. in any sports, appellant acknowledged that R.B. has not shown any interest in sports. The district court did not

10

abuse its discretion in determining that appellant did not make a prima facie showing that R.B.'s present environment endangers his emotional or physical well-being.

### D. Benefits and detriments

Because appellant has not met his burden of showing any of the three elements above, we need not conduct a balancing test of whether the benefits to R.B. of a change of custody outweigh the potential harm.

## II. The district court did not err in denying appellant's request for an evidentiary hearing.

Because the district court did not abuse its discretion in deciding that appellant failed to make a prima facie case to modify custody, it did not err in denying appellant's request for an evidentiary hearing. *See Szarzynski*, 732 N.W.2d at 292 ("Whether a party makes a prima facie case to modify custody is dispositive of whether an evidentiary hearing will occur on the motion.").

**Affirmed.**